Gary W. CHING, Plaintiff–Appellant,

v.

Samuel LEWIS, Director of ADOC; Captain Techi, Administrator at Perryville; Dale Grim, Administrator at Perryville; Dr. Samorotie, Perryville Prison; Warden Rooey, Perryville Prison; Officer Marsha, Movement Officer, Administrator at Perryville; Officer Brenda, Movement Officer, Administrator at Perryville; Rick Ward, Classification Manager, ADOC; John Kohl, Classification Director, ADOC; Warden Hallaham, Security Officer, Tucson Prison; Carson A. McWilliams, CPO, Security Officer, Tucson Prison; Ralph Loar, Security Officer, Tucson Prison; John Orzel, CPO, Security Officer, Tucson Prison; Warden Dodds; and Captain Olson–ASPC–Tucson Rincon Unit, Defendants–Appellees.

No. 88–2560.

United States Court of Appeals, Ninth Circuit.

Submitted April 14, 1989 *.

Decided Feb. 5, 1990.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Gary W. Ching, Goodyear, Ariz., plaintiff-appellant in pro. per.

Pamela J. Eaton, Asst. Atty. Gen., Phoenix, Ariz., for defendants-appellees.

Before NORRIS, BEEZER and BRUNETTI, Circuit Judges.

PER CURIAM:

Gary W. Ching appeals from the district court's order granting summary judgment for defendants and dismissing his action brought pursuant to 42 U.S.C. § 1983. We reverse and remand on the issue of attorney contact visitation. Mr. Ching's other claims have been addressed in a separate unpublished memorandum of this court filed concurrently with this opinion.

FACTS AND PROCEEDINGS BELOW

The appellant is incarcerated at the Arizona State Prison in Florence, Arizona. He was first received at the Perryville branch of the Arizona State Prison on April 14, 1986. On April 30, 1986 he requested placement in protective segregation because he was being subjected to racial harassment and threats of physical harm from other inmates. He was placed in non-disciplinary administrative segregation and subsequently transferred to Tucson on June 25, 1986. Again the appellant experienced harassment from other inmates and, on August 29, 1986, he was assaulted. From September 6, 1986 until October 3, 1986 the appellant was housed in the prison medical unit. On October 3, 1986 the appellant was placed in involuntary protective segregation.

He filed an action under 42 U.S.C. § 1983 against several prison officials claiming violations of the eighth and fourteenth amendments relating to his recreation and exercise opportunities, his visitation rights, access to the courts, and access to the prison law library while in administrative segregation. He further alleged racial discrimination. The defendants responded with a motion for summary judgment, supported by several affidavits. The motion was granted, and Ching appeals.

DISCUSSION

The appellant claims that on at least two occasions he was denied contact visits with his attorney, instead being required to "yell through a hole in the glass," which made it difficult to communicate. Appellant argues that this denial violated his right of access to the courts. This allegation was not disputed by the defendants. Rather, the defendants assert that the appellant's claim is without merit because the mail and telephone are available to the appellant for access to his attorney.

The fourteenth amendment guarantees prisoners meaningful access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 822, 97 S.Ct. 1491, 1495, 52 L.Ed.2d 72 (1977). The Seventh Circuit discussed attorney visitation in light of this right of meaningful access to the courts in *Dreher v. Sielaff*, 636 F.2d 1141 (7th Cir.1980). There, the court reversed a summary judgment because the summary judgment ruling improperly resolved disputed material facts. In doing so, the appellate court acknowledged that, although the trial court improperly resolved issues of fact, it used the correct legal standards to do so. *Id.* at 1143. The appellate court recognized that while prison administrators are given deference in developing policies to preserve internal order, these policies will not be upheld if they unnecessarily abridge the defendant's meaningful access to his attorney and the courts. *Id.* at 1143, 1146. The opportunity to communicate privately with an attorney is an important part of that meaningful access. *Id.* at 1143.

We adopt the rules recognized by the Seventh Circuit in *Dreher* and hold that a prisoner's right of access to the courts includes contact visitation with his counsel. The defendants failed to give any justification to support their decision to deny contact visits to Ching. This apparently arbitrary policy of denying a prisoner contact visits with his attorney prohibits effective attorney-client communication and unnecessarily abridges the prisoner's right to meaningful access to the courts.

The district court's grant of summary judgment is reversed on the issue of contact visitation with counsel.

REVERSED and REMANDED.