**UNITED STATES of America, Plaintiff,**

v.

**Carlos PARKER–TARAMONA, Manuel Granthon–Isasi, Defendants.**

**Cr. No. 90–01846 (ACK).**

United States District Court, D. Hawaii.

Feb. 22, 1991.

Daniel A. Bent, U.S. Atty., Louis A. Bracco, Asst. U.S. Atty., Honolulu, Hawaii, for plaintiff U.S.

Hayden Aluli, Federal Public Defenders Office, Honolulu, Hawaii, for defendant Parker–Taramona.

Karen S.S. Ahn, Honolulu, Hawaii, for defendant Granthon–Isasi.

ORDER DENYING DEFENDANTS' MOTION TO ENJOIN THE UNITED STATES MARSHAL FROM TRANSFERRING DEFENDANTS

KAY, Chief Judge.

On February 20, 1991, the Court held a hearing for the purpose of considering de-

fendants' consolidated motions to enjoin the United States Marshal from transferring the above-indicated defendants to a mainland correctional facility pending trial, such transfer occasioned by the lack of available "federal beds" at State of Hawaii correctional facilities where federal prisoners awaiting trial are presently housed. This matter was before the Court on an appeal from federal Magistrate Bert Tokairin's oral decision on February 15 and 19, 1991, (respectively as to the two separate defendants) denying such motion.

Present at the hearing before this Court were the defendant Carlos Parker–Taramona ("Parker"), Manuel Granthon–Isasi ("Granthon"), their respective counsel, Hayden Aluli, Assistant Federal Public Defender and Karen S. Ahn, Esq., and qualified English/Spanish language interpreters. Assistant United States Attorney Louis Bracco was present representing the government.

At this hearing, both defense counsel joined in the motion to enjoin transfer of their clients, in substance, alleging that the prospective transfer would unreasonably interfere with the defendants' Sixth Amendment right to counsel. Both defendants stated a generalized need to have more or less constant access to their clients in order to prepare for trial, notwithstanding that this matter has a tentatively scheduled trial date of May 29, 1991. Upon inquiry by the Court, both counsel stated they could not "quantify" how much in-person contact time was necessary to adequately prepare this case for trial. The Court also heard testimony from Mary J.B. Wong, Acting Chief Deputy U.S. Marshal. Based on the pleadings in this matter, the statements of counsel at the hearing before the Court, and the testimony of Acting Chief Deputy Marshal Wong, the Court makes the following findings:

1. The United States Marshal has been limited by the State of Hawaii to a 50–bed limit for federal prisoners, statewide, at the various State of Hawaii correctional facilities. There is no federal correctional facility in the State of Hawaii.

2. In order to comply with the 50 "federal bed" limit, the United States Marshal has been required to transfer prisoners awaiting trial and sentence to federal correctional facilities on the West Coast, primarily in Los Angeles and San Diego.

3. At the present time, 42 male federal prisoners are housed at State of Hawaii facilities, and 46 have been transferred to the mainland. The United States Marshal is attempting to keep an 8–10 bed "cushion," this cushion necessary to accommodate new arrests, as well as the return of federal prisoners previously transferred to the mainland who are required to be produced for pre-trial evidentiary hearings and other proceedings.

4. The United States Marshal has made reasonable efforts to find suitable housing for all federal prisoners in the District of Hawaii. However, the State of Hawaii has refused to allow the Marshal more than 50 federal beds, and although the Marshal continues to seek substitute correctional facilities, none is presently available.

5. Defense attorney Hayden Aluli has already had in excess of 90 days available to him for personal contact with his client, and to discuss the case.

6. Defense attorney Karen Ahn is a newly assigned attorney for defendant Granthon, having only recently substituted as assigned counsel for attorney Wayne Tashima.

Accordingly,

■ This Court finds that there is no reasonable alternative site to house federal prisoners in Hawaii beyond the 50 "federal beds" available to the United States Marshal at state correctional facilities. The Court also finds that the United States Marshal has made a reasonable effort to prioritize assigning all federal detainees to the Hawaii bed space, based upon impending trial dates and other court appearance requirements, in a chronological fashion. Therefor,

IT IS HEREBY ORDERED that defendants' motion to enjoin the United States Marshal from transferring the above-indicated defendants to federal detention facili-

ties on the U.S. mainland is DENIED. However, in order to provide for continued access between each of the defendants and their counsel,

IT IS FURTHER ORDERED that:

1. The United States Marshal return both defendants to Hawaii 21 days prior to the present trial date, or prior to any continued trial date;

2. The United States Marshal shall stay any transfer of defendant Granthon for a 10–day period from February 20, 1991 to provide additional access by recently substituted court-appointed counsel Karen Ahn; and

3. The United States Marshal is directed to assist defense counsel, to the extent practicable, in communicating with their respective clients by telephone.

Additionally, the Court advises the parties that:

1. The Court will authorize counsel to travel at government expense to the situs of their respective client's incarceration, for the purpose of pre-trial preparation, from time to time, upon application to the Court. The Court will also bring the defendants back to Hawaii should this be appropriate for any Court hearings.

2. The Court will review the status of this case from time to time, in light of the presently known illness of an essential witness, which may affect the scheduled trial date, and will modify this Order if necessary. It currently appears unlikely that trial will commence as scheduled on May 29, 1991.

3. The Court will consider modifications and/or amendments to this Order as necessary, upon a showing by any counsel of exceptional circumstances.

This Court is mindful of the accused's Sixth Amendment right to counsel, including "contact visitation" with his counsel, and that "the Supreme Court has long recognized that the accused has a right to be present at all critical stages of the proceeding against him." *Ching v. Lewis*, 895 F.2d 608, 609–610 (9th Cir.1990); *Valenzuela-Gonzalez v. U.S.D.C. for D. of Arizona*, 915 F.2d 1276, 1279 (9th Cir.1990) (citations omitted). Guided by considera-

tions of justice and in the exercise of its supervisory powers, this Court feels that it has fashioned an order which ensures such rights. *United States v. Herrera–Figueroa*, 918 F.2d 1430, 1437 (9th Cir.1991). This Court believes that the provisions of its order protect the rights of the defendant in every respect, particularly under the constraining circumstances of limited available housing of federal inmates within the State of Hawaii.

While this Court shares a serious concern for the need of a federal prison in Hawaii; it was apparent at the hearing that Attorney Aluli, rather than appropriately focusing on the particular needs and rights of his client, wished to enlarge the issues to encompass the right of the State of Hawaii to buy-out the entitlement of the U.S. Marshal's office to house 50 federal prisoners in State of Hawaii facilities pursuant to their contract, as well as other general circumstances of housing federal prisoners within the State of Hawaii. The granting of defendants' request for an injunction would have created an impossible situation, as practically every other federal inmate would claim a similar right or need to remain in Hawaii and there simply are not enough prison beds available.

Defendant Parker–Taramona's request that the Court stay its order pending an "emergency appeal" to the Ninth Circuit Court of Appeals is denied. First of all, this Court's order denies defendant's motion to enjoin defendants transfer, it does not prohibit the transfer, and accordingly a stay would be meaningless. Secondly, defendant has not shown irreparable harm since in the event of reversal defendant would promptly be returned to Hawaii. The Court also denies defendant Parker–Taramona's request for certification of interlocutory appeal pursuant to 28 U.S.C. § 1292(b). That statute by its wording applies to civil actions. Moreover, in this instance there is no controlling question of law as to which there is substantial ground for difference of opinion.