931 F.2d 63
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Kevin Winston OSBORN, Plaintiff-Appellant,
v.
Duane SHILLINGER, Warden, Wyoming State Penitentiary,
Attorney General, State of Wyoming, Tom Zollinger,
County Attorney, Sweetwater County,
Wyoming, Defendants-Appellees.
 No. 90-8047.
 United States Court of Appeals, Tenth Circuit.
 April 24, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant, Kevin Winston Osborn, pleaded guilty on August 23, 1982, to attempted first degree murder and aggravated robbery of Dale Moore, and aiding and abetting the first degree murder of Audrey Ditmars in Sweetwater County, Wyoming. He also pleaded guilty to conspiracy to commit aggravated robbery, aggravated robbery and the felony murder of Jimmy Ray O'Briant in Uinta County, Wyoming. The two cases were consolidated into one trial in Sweetwater County. After a two-day sentencing hearing, Osborn was sentenced to death for the first degree felony murder of O'Briant.
 
 
 3
 Osborn appealed directly to the Wyoming Supreme Court for review of his sentence. The Wyoming Supreme Court affirmed both judgment and sentence. Osborn v. State, 672 P.2d 777 (Wyo.1983), cert. denied, 465 U.S. 1051 (1984). In 1985, a Motion for Stay of Execution, filed on behalf of Osborn was denied by the Wyoming Supreme Court. Osborn v. Shillinger, 705 P.2d 1246 (Wyo.1985).
 
 
 4
 Osborn then filed a petition for writ of habeas corpus in the United States District Court for the District of Wyoming requesting relief from his death sentence. The district court reversed the death penalty and allowed Osborn to withdraw his guilty plea, holding the plea was obtained in violation of his Sixth Amendment right to effective assistance of counsel. Osborn v. Schillinger, 639 F.Supp. 610 (D.Wyo.1986). This decision was affirmed by the Tenth Circuit in Osborn v. Shillinger, 861 F.2d 612 (10th Cir.1988). The O'Briant murder and robbery charges were rescheduled for the state court trial. Osborn again pleaded guilty to avoid exposure to the death penalty and received two life sentences.
 
 
 5
 In 1989 Osborn filed a petition for writ of habeas corpus in the United States District Court for the District of Wyoming alleging his guilty plea to the Sweetwater County charges (aiding and abetting the first degree murder of Ditmars and attempted first degree murder and aggravated robbery of Moore) was involuntary due to ineffective assistance of counsel. Osborn had been represented by the same state public defender and the entry of guilty pleas to all crimes occurred simultaneously before the same judge. In an answer to order to show cause why habeas corpus relief should not be granted, the State proposed that because the state prosecutions were consolidated and Osborn entered his guilty pleas at the same hearing, represented by same counsel, the result in this case should be controlled by the findings and results in the prior habeas corpus action. Osborn v. Shillinger, No. C89-0073J (U.S.D.C.D.Wyo.1989). Judge Alan B. Johnson granted habeas corpus relief stating:
 
 
 6
 [T]here is no distinction between the two consolidated state[ ] prosecutions in which the present petition now comes before this court, [and] the court finds that Osborn was deprived of his constitutional rights at both the plea and sentencing stages of those prior state proceedings with respect to his convictions for the crimes he committed in Sweetwater County.
 
 Id. Judge Johnson then ordered:
 
 7
 [the] case be remanded to a state district court in a county other than Uinta or Sweetwater County, before another judge, far removed from the scene of the crimes and their attendant publicity, so that the petitioner, Kevin Winston Osborn, may withdraw his guilty pleas to crimes he committed in Sweetwater County, and enter new pleas, and proceed to trial or sentencing or both.
 
 
 8
 Id.
 
 
 9
 Osborn subsequently petitioned the United States District Court for the District of Wyoming pursuant to 28 U.S.C. Sec. 1651, the All Writs Act, for issuance of a writ of mandamus ordering that the respondents below release him from confinement due to unnecessary delay in commencing criminal proceedings against him. Osborn v. Shillinger, No. 90-19 (U.S.D.C.D.Wyo.). The district court dismissed the petition for lack of subject matter jurisdiction. Id. It is from this order of dismissal that Osborn appeals. We affirm the district court's order of dismissal by applying a de novo standard of review to the question of jurisdiction, which is a question of law.
 
 
 10
 Prior to the district court's dismissal of Osborn's petition for a writ of mandamus, and pursuant to the district court's conditional writ of habeas corpus, the State of Wyoming initiated reprosecution against Osborn. In June, 1990, judgment and sentence were entered. Osborn appealed the decision to the Wyoming Supreme Court which again affirmed both judgment and conviction. Osborn v. State, 806 P.2d 259 (Wyo.1991).
 
 
 11
 Osborn contends that "jurisdiction of the district court had been established when the appellant was granted habeas relief October 4, 1989." While Osborn is correct in his assertion that the district court had jurisdiction to grant habeas corpus relief, the district court did not retain jurisdiction after habeas relief was granted. The United States Supreme Court has held that "[n]either [Fed.R.Civ.P.] 60(b), 28 U.S.C. Sec. 2254, nor the two read together, permit a federal habeas court." Pitchess v. Davis, 421 U.S. 482, 490 (1975). Following the rationale of Pitchess, the district court had no authority to entertain Osborn's claim that he was deprived of the right to a speedy trial.
 
 
 12
 Osborn's petition became moot when the state initiated criminal proceedings. In federal cases, an actual controversy must exist at all stages of review, not merely at the time initial pleadings are filed. Johnson v. Riveland, 855 F.2d 1477, 1480 (10th Cir.1988). " '[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them.' " Id. (quoting North Carolina v. Rice, 404 U.S. 244, 246 (1971) (per curiam)).
 
 
 13
 Osborn further contends that a writ of mandamus is the proper remedy to enforce a United States District Court order. Pursuant to 28 U.S.C. Sec. 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980) (citing Will v. United States, 389 U.S. 90, 95 (1967). To grant mandamus relief, the court must find: "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and preemptory duty on the part of the defendant to do the action in question; and (3) no other adequate remedy available." Hadley Memorial Hosp., Inc. v. Schweiker, 689 F.2d 905, 912 (10th Cir.1982) (citing Cervoni v. HEW, 581 F.2d 1010, 1019 (1st Cir.1978)). In light of these requirements, Osborn's claim states no valid claim for mandamus relief.
 
 
 14
 Based on the foregoing, we reject the contention that the United States District Court for the District of Wyoming had subject matter jurisdiction to entertain Osborn's petition for a writ of mandamus.
 
 
 15
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3