932 F.2d 975
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Kevin Winston OSBORN, Plaintiff-Appellant,
v.
Duane SHILLINGER, Warden of the Wyoming State Penitentiary,
James Ferguson, Deputy Warden of the Wyoming State
Penitentiary, C.M. Johnson, Associate Warden of the Maximum
Security Unit at the Wyoming State Penitentiary, Blake
Smith, Sergeant of the Maximum Unit at the Wyoming State
Penitentiary, Laurie Lee Crawford, Counselor in the Maximum
Security Unit at the Wyoming State Penitentiary, Marvelle
Jochim, Social Worker, Department of Health and Social
Services, Defendants-Appellees.
 No. 90-8099.
 United States Court of Appeals, Tenth Circuit.
 May 8, 1991.
 
 Before McKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Kevin Winston Osborn appeals the district court's dismissal of his complaint based on 42 U.S.C. Secs. 1983, 1985(3) and 1986 (1988) as frivolous. We grant Mr. Osborn's motion for leave to proceed on appeal without prepayment of costs or fees because we conclude that he sets forth a rational argument on the law and facts in support of some of the issues raised on appeal. See Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989); Yellen v. Cooper, 828 F.2d 1471, 1475 (10th Cir.1987). We reverse as to the dismissal of the section 1983 claim, and affirm with respect to the claims brought under sections 1985(3) and 1986.
 
 
 3
 Mr. Osborn contends that defendants denied him his constitutional right to access to the courts by refusing to allow him to contact his attorney the day of a hearing to determine whether his daughter was a child in need of supervision by the state as defined by Wyo.Stat. Sec. 14-6-201(a)(iv)(1977), and by prohibiting him from attending that judicial proceeding to which he was a party. Mr. Osborn claims that because defendants prohibited him from contacting his attorney, Juan L. DeHerrara, he could not give Mr. DeHerrara documentary evidence that would have aided in his attempt to prove that his daughter was not in need of supervision. He also contends that defendants would not allow Mr. DeHerrara to visit with him to discuss the hearing because he was under disciplinary restrictions. Mr. Osborn further alleges that, on the day of his daughter's hearing, defendants told him that the hearing was cancelled, that his presence at the hearing was not necessary, and that he could not telephone his attorney. The district court dismissed the complaint without the issuance of a summons, ruling that it was frivolous.[1]
 
 
 4
 "The test for determining if an action is frivolous is whether plaintiff can make a rational argument on the facts or law in support of his claim...." Dolence v. Flynn, 628 F.2d 1280, 1281 (10th Cir.1980); Collins v. Cundy, 603 F.2d 825, 828 (10th Cir.1979). The standard for dismissing a claim as frivolous under 28 U.S.C. Sec. 1915(d) is more stringent than the standard for dismissal under Rule 12(b)(6). See Neitzke, 109 S.Ct. at 1833-34; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir.1989). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not." Neitzke, 109 S.Ct. at 1833. "Dismissal under Sec. 1915(d) is appropriate when the claims are based on an indisputably meritless legal theory or on clearly baseless factual contentions." Wilson, 878 F.2d at 774.
 
 
 5
 Our review of Mr. Osborn's section 1983 claim convinces us it is not frivolous. The Constitution guarantees prisoners "adequate, effective, and meaningful" access to the courts. Bounds v. Smith, 430 U.S. 817, 822 (1977); Ramos v. Lamm, 639 F.2d 559, 583 (10th Cir.1980), cert. denied, 450 U.S. 1041 (1981).
 
 
 6
 "This right is one of the privileges and immunities accorded citizens under article 4 of the Constitution and the Fourteenth Amendment. It is also one aspect of the First Amendment right to petition the government for redress of grievances. Finally, the right of access is founded on the due process clause and guarantees the right to present to a court of law allegations concerning the violation of constitutional rights."
 
 
 7
 Smith v. Maschner, 899 F.2d 940, 947 (10th Cir.1990), (citing Nordgren v. Milliken, 762 F.2d 851, 853 (10th Cir.), cert. denied, 474 U.S. 1032 (1985). States must 'assure the indigent defendant an adequate opportunity to present [her or] his claims fairly.' " Bounds, 430 U.S. at 823 (quoting Ross v. Moffit, 417 U.S. 600, 616 (1974)). The right of access is applicable to civil, as well as criminal, matters. Wolff v. McDonnell, 418 U.S. 539, 577-80 (1974). "[A] prisoner's right of access to the courts includes contact visitation with [her or] his counsel." Ching v. Lewis, 895 F.2d 608, 610 (9th Cir.1990); see also Nees v. Bishop, 730 F.2d 606, 613 (10th Cir.1984) ("[T]here might well be a violation of the right of access to the courts by refusal of contact with an attorney."). Indeed, "an inmate's opportunity to confer with counsel is a particularly important constitutional right which the courts will not permit to be unnecessarily abridged." Dreher v. Sielaff, 636 F.2d 1141, 1146 (7th Cir.1980). A prisoner must be afforded a reasonable opportunity to receive professional legal assistance. See Procunier v. Martinez, 416 U.S. 396, 419 (1974).
 
 
 8
 "The constitutionally relevant benchmark is meaningful, not total or unlimited, access." Campbell v. Miller, 787 F.2d 217, 226 (7th Cir.), cert. denied, 479 U.S. 1019 (1986) (emphasis in original). When an institutional restriction infringes on a prisoner's constitutional right, a court must balance its duty to protect that right with the prison's legitimate penological objectives, including deterrence of crime, rehabilitation, and security. See O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987); Ramos, 639 F.2d at 579. A court also must consider in the balance the cost to the prison of removing any infringement on the prisoner's constitutional rights. Turner v. Safley, 482 U.S. 78, 90 (1987); Benzel v. Grammer, 869 F.2d 1105, 1108 (8th Cir.1989), cert. denied, 110 S.Ct. 244 (1989). The standard of review is whether the infringement on the prisoner's right "is reasonably related to legitimate penological interests." Safley, 482 U.S. at 89.
 
 
 9
 The district court summarily held that Mr. Osborn's initial contact with Mr. DeHerrara by mail two weeks before the hearing and by mail and in person after the hearing, as well as Mr. Osborn's two previous appearances before the juvenile court,[2] amounted as a matter of law to constitutionally sufficient access. We disagree that the issue can be decided so easily. When a party to a judicial hearing is not allowed to supply to her or his attorney evidence that would further that party's interests at the hearing, that party's access can not, as a matter of law, be characterized as "adequate, effective, and meaningful." Cf. Ching, 895 F.2d 609 (denial of opportunity to communicate privately with attorney abridges prisoner's meaningful access to courts); Milton v. Morris, 767 F.2d 1443, 1446 (9th Cir.1985) (prisoner unjustifiably prevented from contacting attorney); Dreher, 636 F.2d at 1143 (opportunity to communicate privately with an attorney important part of meaningful access); Bach v. Illinois, 504 F.2d 1100, 1102 (7th Cir.), cert. denied, 418 U.S. 910 (1974) (same); Adams v. Carlson, 488 F.2d 619, 630 (7th Cir.1973) (prison security precautions designed to provide prisoners with "minimal access" to their attorneys unconstitutional); Johnson v. Galli, 596 F.Supp. 135, 138 (D.Nev.1984) (no legitimate governmental purposes in denying inmate reasonable access to telephone to contact attorney). Most significantly, the district court reached its conclusion by balancing Mr. Olson's access to the court against abstract penological interests set forth in a Seventh Circuit case, none of which were asserted by defendants. Indeed, defendants could proffer no countervailing interests because they were not even summoned to respond to the complaint.[3] Because we conclude that Mr. Osborn's section 1983 claim is not frivolous, we vacate the district court's judgment and remand for further proceedings. If the section 1983 claims survive to trial, the district court should reconsider its dismissal of Mr. Osborn's pendant state claims.
 
 
 10
 It is not clear whether Mr. Osborn has abandoned his claim under section 1985(3). We therefore address it and hold that his assertion of this claim is frivolous because he does not contend that the alleged conspiracy to deny him his constitutional rights was motivated by classed-based discriminatory animus. See Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). Moreover, prisoners are not a class protected by section 1985(3). Nakao v. Rushen, 542 F.Supp. 856, 859 (N.D.Cal.1982), vacated on other grounds, 766 F.2d 410 (9th Cir.1985). Finally, a cause of action will not lie under section 1986 absent a valid claim for relief under section 1985. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 626 (9th Cir.1988), cert. denied, 110 S.Ct. 733 (1990). The district court therefore properly dismissed Mr. Osborn's section 1985(3) and 1986 claims under 28 U.S.C. Sec. 1915(d).
 
 
 11
 REVERSED AND REMANDED IN PART; AFFIRMED IN PART.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Mr. Osborn originally filed this case on January 25, 1990, without prepayment of fees. He amended his complaint on June 7 without leave of court. He then petitioned this court for a writ of mandamus compelling the district court to decide the case. On September 18, this court issued an order to the district court to respond to Mr. Osborn's petition. On October 5, the district court dismissed the complaint as frivolous under 28 U.S.C. Sec. 1915(d)(1988)
 
 
 [2]
 Mr. DeHerrara was appointed to represent Mr. Osborn in the state proceedings after Mr. Osborn had appeared pro se at the first two hearings
 
 
 [3]
 We do not imply that the mere allegation by prison officials of competing interests will automatically defeat a prisoner's claim. Rather, in certain instances, these claims will not be appropriate for summary disposition, especially when the infringement is the product of a restriction on a particular prisoner rather than of a regulation applicable to the entire prison population