967 F.2d 585
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary W. CHING, Plaintiff-Appellant,
v.
Samuel A. LEWIS, Director of ADOC, et al., Defendants-Appellees.
 No. 91-15491.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1992.*
Decided June 2, 1992.
 
 Before FERGUSON, REINHARDT and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary W. Ching appeals from the district court's order dismissing his action brought pursuant to 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291 and we reverse.
 
 
 3
 Appellant Ching brought this action in 1987 under 42 U.S.C. § 1983 against several prison officials alleging various violations of the eighth and fourteenth amendments. The district court granted summary judgment, and on appeal we reversed and remanded in part, allowing the case to continue on the issues of attorney contact visitation, access to the courts, and outdoor exercise. Ching v. Lewis, 895 F.2d 608 (9th Cir.1990).
 
 
 4
 Following remand, all claims for injunctive and declaratory relief were dismissed as moot because Ching was no longer incarcerated. This dismissal was not appealed. Next, in response to a motion by defendants for dismissal under Rule 12 and Rule 56, the district court dismissed all remaining claims. It is not clear whether the court dismissed for failure to state a claim or transformed the motion to one for summary judgment. In either case, our review is de novo. Kruso v. Int'l Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990).
 
 
 5
 Plaintiff sued defendants in both their official and individual capacities. Relying on Rice v. Ohio Dep't of Transp., 887 F.2d 716, 719 (6th Cir.1989), cert. granted and judgment vacated, 110 S.Ct. 3232 (1990) and Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989), the court below concluded that (1) the capacity in which the defendants acted was dispositive, and not the capacity in which they were sued, and (2) state officials sued in their official capacities are not persons under § 1983. The district court found that plaintiff had not provided evidence that defendants were acting outside of their official capacities, and thus assumed that defendants had only been sued in their official capacities. For these reasons, the court found that the claims were barred.
 
 
 6
 The district court's interpretation of Will is foreclosed by Hafer v. Melo, 112 S.Ct. 358 (1991). The defendant in Hafer had also contended that § 1983 liability turns not on the capacity in which defendants are sued, but on the capacity in which they act when injuring the plaintiff. Id. at 363. The Court rejected that argument. Such a reading of Will would defeat the purpose of permitting redress for deprivations of civil rights by persons acting under color of state law, and would extend absolute immunity to all state officers. Id. at 363-64. Therefore, appellant's amended complaint, naming defendants in both their official and personal capacities, was sufficient to withstand a motion to dismiss for failure to state a claim.
 
 
 7
 If the court relied on evidence outside of the pleadings, treating the motion as one for summary judgment, see Fed.R.Civ.P. 12(b), the decision was also erroneous. The court never warned plaintiff, a pro se prisoner, of the requirements of Fed.R.Civ.P. 56(e) as mandated by Klingele v. Eikenberry, 849 F.2d 409 (9th Cir.1988).
 
 
 8
 Because the order to dismiss was erroneous, we reverse and remand for further proceedings.
 
 
 9
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3