990 F.2d 1257
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Fredrick H. FISHER, JR., Plaintiff-Appellant,
v.
ARIZONA DEPARTMENT OF CORRECTIONS; et al., Defendants-Appellees.
 No. 92-15866.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 5, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Fredrick H. Fisher, an Arizona state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action for failure to state a claim upon which relief may be granted. Fisher alleged that prison officials improperly denied him permission to telephone his attorney. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.
 
 
 3
 A dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is a ruling on a question of law and as such is reviewed de novo. Buckey v. County of Los Angeles, 968 F.2d 791, 793-94 (9th Cir.), cert. denied, 113 S.Ct. 599, and cert. denied, 113 S.Ct. 600 (1992). Review is limited to the contents of the complaint. Id. at 794. A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Id.
 
 
 4
 Prisoners have a constitutional right of meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). The opportunity to communicate privately with an attorney is an important part of that meaningful access. Ching v. Lewis, 895 F.2d 608, 609 (9th Cir.1990) (per curiam); see also Procunier v. Martinez, 416 U.S. 396, 419 (1974) (inmates must have a reasonable opportunity to seek and receive the assistance of attorneys). If a prisoner is not alleging a denial of adequate law libraries or adequate assistance from persons trained in the law, he can state a claim for denial of access only if he points to or alleges a specific "actual injury." Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). An "actual injury" consists of some specific instance in which an inmate actually was denied access to the courts. Id. (quotations omitted).
 
 
 5
 Fisher alleged that he was denied access to a telephone to call his appointed attorney regarding his pending state court appeal. Fisher alleged that such a denial interfered with his appeal. Thus, Fisher has sufficiently alleged a specific instance in which he actually was denied access to the courts. See Bounds, 430 U.S. at 821; Sands, 886 F.2d at 1171. Therefore, Fisher has alleged sufficient facts which, if proven, state a claim for which relief can be granted. See Bounds, 430 U.S. at 821; Buckey, 968 F.2d at 794; Sands, 886 F.2d at 1171.
 
 
 6
 The district court erred in dismissing the claim pursuant to Fed.R.Civ.P. 12(b)(6). See Bounds, 430 U.S. at 821; Buckey, 968 F.2d at 794; Sands, 886 F.2d at 1171. Accordingly, we vacate the district court's order and remand for further proceedings.
 
 
 7
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3