105 F.3d 664
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony Deneen BEST, Plaintiff-Appellant,
v.
Samuel A. LEWIS, Director, et al., Defendants-Appellees.
 No. 94-15999.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 10, 1996.
Decided Dec. 31, 1996.
 
 Before: WOOD,* CANBY, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 I. Overview
 
 2
 Plaintiff Anthony Deneen Best, an Arizona state prisoner, appeals the district court's judgment for the defendant prison officials following a two-day bench trial. Best asks for relief under 42 U.S.C. § 1983, alleging that defendants deprived him of meaningful access to the courts in violation of his constitutional rights. Best claimed in the district court that defendants interfered with his access to the courts by not allowing him to call his attorney, not allowing him to speak confidentially with his attorney, delaying the receipt of trial transcripts, and not allowing him to receive certain office supplies such as daisy wheels for his typewriter and file folders.
 
 
 3
 While his appeal was pending in this court, Best moved to remand to the district court for the limited purpose of allowing the district court to rule on a Fed.R.Civ.P. 60(b) motion to vacate the judgment. We granted his motion to remand and stayed this appeal pending disposition of the Rule 60(b) motion on remand. On March 23, 1996, the district court denied the Rule 60(b) motion. Thereafter, we lifted the stay of his appeal and authorized the parties to file letter briefs addressing the impact of the district court's denial of the Rule 60(b) motion on this case. Both parties filed letter briefs. In addition, Best filed an amended notice of appeal to encompass the denial of the Rule 60(b) motion; the amended notice was filed on May 7, 1996, after Best obtained from the district court an extension of time for filing the amended notice. See Fed.R.App.P. 4(a)(5).
 
 
 4
 On appeal of the judgment and of the denial of his Rule 60(b) motion, Best now argues that the district court abused its discretion by refusing to compel discovery of requested documents and by sustaining defendants' objections to Best's questions regarding defendants' knowledge of the law on right-to-access cases. Best also maintains that the district court erred in finding that defendant Byington was not aware until November 12, 1992 that Best was represented by counsel. Best further contends that the district court erred by concluding that Byington was not deliberately indifferent to his constitutional rights when she prevented him from making legal calls and when she remained in the room when he did make a legal call. We have jurisdiction under 28 U.S.C. § 1291. Because we find that the district court did not abuse its discretion or err in making these rulings, we affirm.[1]
 
 
 5
 II. Failure to Produce Best's Caseload File and Signed Copy
 
 
 6
 of October 5 Letter
 
 
 7
 We review for an abuse of discretion the district court's rulings regarding production of documents. Sopcak v. Northern Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir.1995). If we find that the district court erred by refusing to order the production of documents, we review for harmless error. Tagupa v. Board of Directors, 633 F.2d 1309, 1312 (9th Cir.1980). We review the district court's denial of Best's motion to vacate the judgment under Fed.R.Civ.Proc. 60(b) for an abuse of discretion, Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir.1991), and we reverse "only upon a clear showing of abuse of discretion," Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989) (quotation omitted).
 
 
 8
 Best argues that defendants should have produced his caseload file in response to his requests for Sharon Byington's (Best's Correctional Programs Officer ("CPO") at the Arizona Department of Corrections ("ADOC")) records regarding legal calls. Defendants did produce the pages from Byington's log book regarding legal call requests made by Best and produced his inmate letters to defendants Byington, John Larkin (Byington's supervisor), and Samuel Lewis (then-Director of ADOC). Before trial, the district court found that defendants had responded to all discovery requests and denied Best's motions to compel and to strike.
 
 
 9
 We conclude that the district court did not abuse its discretion by not compelling production of Best's caseload file because it appears that defendants complied with this request, at least in large part, by producing the pages from Byington's log book and by producing Best's inmate letters to defendants.
 
 
 10
 In his Rule 60(b) motion, Best argued that defendants should have produced the signed copy of the October 5, 1992 letter from Best's attorney, Sara Kaufman, to Byington stating that Kaufman represented Best and needed to speak with him regularly about his pending cases. Best concludes that these documents would have constituted strong evidence that Byington acted with deliberate indifference to Best's constitutional rights.[2] In its Order denying the Rule 60 motion, the district court agreed that defendants should have produced the October 5 letter, but concluded that production of the letter would not have justified a contrary result.
 
 
 11
 We conclude that Best has failed to show that the district court abused its discretion by denying his Rule 60 motion. Best argues that the district court should have followed the Seventh Circuit, which states that, to prevail on a Rule 60(b) motion, the moving party must show that the evidence was wrongly withheld "and that the evidence probably would have produced a different result at trial." Vukadinovich v. Zentz, 995 F.2d 750, 754 (7th Cir.1993) (emphasis added); see also In re Wildman, 859 F.2d 553, 557-58 (7th Cir.1988). The district court here found that production of the letter "would [not] have produced a different result." This Circuit has not enunciated a standard for when a district court should grant a Rule 60 motion. District courts may grant Rule 60 motions "whenever such action is appropriate to accomplish justice." Klapprott v. United States, 335 U.S. 601, 614-15 (1949); see also Fed.R.Civ.Proc. 61 (district court should not vacate judgment for evidentiary error "unless refusal to take such action appears to the court inconsistent with substantial justice"). The district court's action is not inconsistent with substantial justice, and the court did not apply an incorrect standard or otherwise abuse its discretion in denying the motion.
 
 
 12
 The district court found that before Best gave Byington a copy of the October 5 letter, Byington had not received any correspondence nor had she spoken with Kaufman. The fact that defendants had in their possession a signed copy of the October 5 letter does not prove that Byington saw this letter before November 12 when Best presented her an unsigned copy of the October 5 letter. We conclude that the district court did not abuse its discretion by denying the Rule 60 motion. See Thomas, 945 F.2d at 1123.
 
 
 13
 III. Failure to Produce Court Decisions and Other Inmate
 
 
 14
 Grievances or to Allow Questioning of Witnesses
 
 
 15
 Regarding Knowledge of Other Court Decisions
 
 
 16
 Best argues that the district court abused its discretion by not compelling production of (1) court decisions or decrees involving right-of-access issues in cases wherein defendants were parties and (2) other inmate grievances about the legal call policy at the Cimarron Unit, the facility where Best was located. Defendants objected to the production of these documents on the grounds that Best could obtain the court decisions from the inmate law library and production of the other documents would be burdensome. Best argues that production of these documents would have helped him prove that defendants acted with deliberate indifference.
 
 
 17
 In a related argument, Best contends that the district court erred by precluding him from questioning defendants Byington and Larkin about their knowledge of the law on the issue of right of access. The district court sustained defendants' objections to questions on this issue because the information was not relevant. We review evidentiary rulings for an abuse of discretion. City of Long Beach v. Standard Oil Co., 46 F.3d 929, 936 (9th Cir.1995). We will not reverse the judgment because of an erroneous evidentiary ruling absent a showing of prejudice. Id.
 
 
 18
 We find no error. The district court did not abuse its discretion by denying the production requests because they were unduly burdensome and were tangential to the issues being tried. Lewis was the Director of ADOC and may have been named in numerous cases involving legal calls. Further, for defendants to have produced other inmate grievances regarding legal calls would have required them to review all inmate grievances from the Cimarron Unit to find those grievances regarding the legal call policy and then to redact the inmates' names from the grievance forms. The only issue at trial here was whether the officials acted with deliberate indifference. The district court found before trial that the prison's policy violated Best's right to access. The principal issues at trial focused on what these defendants knew about Best's requests for legal calls, when they became aware of Best's requests, and what these defendants did in response to those requests. We conclude that the district court did not abuse its discretion by not compelling production of these documents.
 
 
 19
 For the same reasons, the district court also did not abuse its discretion by sustaining defendants' objections to questions at trial regarding defendants knowledge of legal cases involving the right to access. Best was not precluded from asking defendants about what they knew in relation to Best's requests for legal calls or from asking questions about what defendants did in response to Best's requests.
 
 
 20
 IV. Finding that Byington was Unaware Until November 12 that
 
 Best was Represented by Counsel
 
 21
 Best argues that the district court erred in finding that Byington was not aware until November 12 that Best was represented by counsel and had a need to make legal calls to his attorney. We review the district court's findings of fact for clear error. Fed.R.Civ.Proc. 52(a); Anderson v. City of Bessemer City, 470 U.S. 564, 573-74 (1985); Meusy v. Montgomery Ward Life Ins. Co., 943 F.2d 1097, 1098 (9th Cir.1991). The ultimate question of whether Byington acted with deliberate indifference is a mixed question of law and fact reviewed de novo. See Church of Scientology v. Commissioner, 823 F.2d 1310, 1320 (9th Cir.1987) (stating that questions of motive implicating constitutional rights are reviewed de novo), cert. denied, 486 U.S. 1015 (1988).
 
 
 22
 We give great weight to the district court's finding that Byington was credible. See Anderson, 470 U.S. at 575 (trial court's findings based on credibility of witnesses given great deference). As a result of receiving a copy from Best on November 12 of the October 5 Kaufman letter, Byington spoke with Kaufman on November 15. Before November 12, the court found that Best "had never shown Defendant Byington any documentation indicating that he was represented by counsel, nor had he informed her verbally that Kaufman had been appointed to represent him." Appellant's Supp. ER, Tab D, at 10.
 
 
 23
 Best maintains that the district court's findings are "implausible" because Byington's log book indicates that on the preceding September 11 she was to arrange a legal call from Best's attorney. See Anderson, 470 U.S. at 575. At trial, however, Byington testified that she was confused by this entry and thought that it might have indicated that she told Best that he could have a legal call if he showed documentation verifying the need for the call. Kaufman, who testified at trial, was uncertain whether she had spoken with Byington before writing the October 5 letter. Kaufman did have specific notes regarding the November 15 conversation with Byington and thought that perhaps November 15 was the first time she talked to Byington.
 
 
 24
 We conclude that the district court did not clearly err in finding that Byington was not aware until November 12 that Best was represented by counsel and needed to speak to his attorney. Because Byington was not aware until this time that Best was represented by counsel, it was not unreasonable for her to have failed to arrange a legal call for Best before November 12. As soon as Byington became aware of Kaufman's representation of Best, she promptly contacted Kaufman, verified that Kaufman was representing Best, and arranged a legal call between Kaufman and Best. Therefore, we agree with the district court's conclusion that Byington did not act with deliberate indifference by not allowing Best to make a legal call until mid-November 1992.
 
 
 25
 V. Finding that Byington Did Not Act with Deliberate
 
 
 26
 Indifference by Remaining in Room During Legal Call
 
 
 27
 Best argues that the district court erred when it found that Byington did not act with deliberate indifference by remaining in the room when Best made his mid-November legal call to Kaufman. We review de novo, as a mixed question of law and fact, whether Byington acted with deliberate indifference. See Church of Scientology, 823 F.2d at 1320.
 
 
 28
 The district court found that Byington asked Best if he wanted her to leave the office during his legal call, and Best indicated that he did not care whether she remained in the room or not. The district court concluded that, under the circumstances, Byington did not act with deliberate indifference to Best's constitutional rights by remaining in the room because he consented to her presence. Id. at 19. The district court credited Byington's testimony that Best consented to Byington's presence, and we do not find the district court's credibility determination to be clearly erroneous. See Anderson, 470 U.S. at 573-74.
 
 
 29
 Prison officials have an "obligation to facilitate confidential and privileged contacts between ... prisoners and outside lawyers." Gluth v. Kangas, 773 F.Supp. 1309, 1321 (D.Ariz.1988), aff'd, 951 F.2d 1504 (9th Cir.1991); see also Ching v. Lewis, 895 F.2d 608, 609 (9th Cir.1990) (per curiam) ("The opportunity to communicate privately with an attorney is an important part of ... meaningful access.") (emphasis added). Because Best assented to Byington's presence and because there is no evidence that Byington related to others anything she might have overheard, however, we agree with the district court that Byington was not deliberately indifferent to Best's right to have a confidential legal call. See, e.g., White v. McGinnis, 903 F.2d 699, 700, 703 (9th Cir.) (en banc), cert. denied, 498 U.S. 903 (1990) (allowing inmate's waiver of right to jury trial in § 1983 case).
 
 VI. Conclusion
 
 30
 The district court did not abuse its discretion by not compelling production of certain documents or by not allowing Best to question defendants Byington and Larkin regarding their knowledge of other right-to-access cases. The district court also did not abuse its discretion in ruling that defendants should have produced the signed copy of the October 5 letter, but that failure to produce the letter was harmless error. Finally, the district court did not err by concluding that defendant Byington did not act with deliberate indifference by not allowing Best to make a legal call until mid-November or by remaining in the room when he made the call, because he consented to her presence.[3]
 
 
 31
 AFFIRMED.
 
 
 
 *
 The Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We have also reviewed the issues raised in Best's Pro Se Supplemental Brief and find that they either duplicate the issues raised in the brief filed by Best's appointed counsel or have no merit. Among other things, we conclude that the district court was correct in ruling that defendants did not act with deliberate indifference or interfere with Best's access to the courts when they enforced their delivery policies and delayed delivery of Best's transcripts while they were searched
 
 
 [2]
 We do not rule upon the question whether "deliberate indifference" is the correct standard for determining liability for denial of access to the courts. See, e.g., Wood v. Housewright, 900 F.2d 1332, 1333-35 (9th Cir.1990) (applying deliberate indifference standard to Eighth Amendment violation where prison officials denied inmate medical attention, but not applying deliberate indifference standard to right-of-access claim). This case was tried on the assumption that "deliberate indifference" was the appropriate standard, and at oral argument of this appeal both parties stated that they did not contest the application of that standard. We therefore accept the "deliberate indifference" standard for purposes of our decision, without addressing its correctness
 
 
 [3]
 We find it unnecessary to address the affect of Lewis v. Casey, 116 S.Ct. 2174 (1996), on this case because we find no reversible errors by the district court. Whether Best showed "actual injury" would have become a crucial issue only if Best had succeeded in showing "deliberate indifference" on the part of defendants. See id. at 2180 (holding that plaintiffs must show actual injury even if there is a deprivation of a core requirement under Bounds v. Smith, 430 U.S. 817, 828 (1977))