**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 23 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KEVIN WINSTON OSBORN,

      Petitioner-Appellant,

v.

VANCE EVERETT, Warden of the
Wyoming State Penitentiary;
ATTORNEY GENERAL OF THE
STATE OF WYOMING,

      Respondents-Appellees.

No. 99-8071

(D.C. No. 98-CV-175)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY**, and **LUCERO**, Circuit Judges.[**]

      Petitioner Kevin Winston Osborn appeals the district court's dismissal of his petition for a writ of habeas corpus challenging the execution of his Wyoming state sentence. See 28 U.S.C. § 2241. We exercise jurisdiction under 28 U.S.C. § 2253(a), and affirm.

---

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    [**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

I.

In 1980, Petitioner escaped from Alabama state prison while serving a fifteen-year

sentence for robbery and grand larceny. While an escapee, Petitioner participated in a

Wyoming crime spree involving murder, robbery, rape, and related crimes. Suffice it to

say that Wyoming authorities caught, charged, and convicted Petitioner in 1982, and

sentenced him to life imprisonment.[1] After Petitioner spent twelve years incarcerated in

the Wyoming State Penitentiary, Wyoming honored Alabama's extradition request and

conditionally released Petitioner to the Alabama Department of Corrections in July 1994

to complete his Alabama sentence. Prior to extradition, Alabama and Wyoming entered

into an executive agreement under which Petitioner would complete his Alabama

sentence while Wyoming retained jurisdiction over him. Wyoming subsequently issued a

rendition warrant for Petitioner's return and lodged a detainer against Petitioner with the

Alabama Department of Corrections. After Petitioner completed his Alabama sentence,

Wyoming extradited him in March 1998 to serve the remainder of his life sentence.[2]

---

[1] Petitioner's criminal escapades are fully chronicled in Osborn v. State, 806 P.2d 259 (Wyo. 1991); Osborn v. Shillinger, No. 90-8047, 1991 WL 65006 (10th Cir. April 24, 1991) (unpublished); Osborn v. Shillinger, 803 F. Supp. 371 (D. Wyo. 1992), aff'd 997 F.2d 1324 (10th Cir. 1993). Petitioner has been actively litigating against prison officials in the civil arena as well. Osborn v. Shillinger, No. 94-8058, 1995 WL 3984 (10th Cir. Jan. 4, 1995) (unpublished); Osborn v. Shillinger, No. 90-8099, 1991 WL 74994 (10th Cir. May 8, 1991) (unpublished).

[2] Because Petitioner's release from confinement in Wyoming was not unconditional, he continued to be "in custody" of Wyoming authorities throughout his incarceration in Alabama, and thus eligible to seek habeas relief. See Ball v. Scott, No.

(continued...)

2

According to Petitioner, Wyoming informed him of the detainer on July 25, 1994. Petitioner subsequently filed a petition for a writ of habeas corpus in the Alabama state court challenging the Wyoming detainer. The court dismissed the petition, and on November 9, 1995, the Alabama Court of Criminal Appeals affirmed. Osborn v. State, No. CR-94-1528 (Ala. Crim. App. Nov. 9, 1995) (unpublished mem.). Petitioner next filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the Alabama federal district court on July 30, 1997.[3] That court transferred the petition to the Wyoming federal district court in July 1998. In a thorough order, the district court dismissed the petition as time-barred. Osborn v. Everett, No. 98-CV-175-D, order at 5-8 (D. Wyo. July 8, 1999).

II.

In 1996, as part of the AEDPA, Congress established a one-year period of

---

[2](...continued)
93-3345, 1994 WL 562023 at *1 (10th Cir. Oct. 13, 1994) (unpublished) (recognizing that a "prisoner serving a sentence in one state, against whom a detainer had been filed with his jailers by another state, [was] sufficiently 'in custody' pursuant to the detainer such that he could bring a habeas attack on the outstanding charge underlying the detainer") (citing Maleng v. Cook, 490 U.S. 488, 490-91 (1989)).

[3] Although Petitioner alleges his petition arises under 28 U.S.C. § 2254, and the district court construed it as such, we construe it as arising under 28 U.S.C. § 2241, because it challenges the execution of his Wyoming state sentence, rather than its validity. See McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997) (explaining that a § 2241 petition attacks the execution of a sentence whereas a § 2254 petition attacks the underlying validity of a conviction and sentence). A certificate of appealability, see 28 U.S.C. § 2253(c), is not required to appeal the denial of a § 2241 petition. McIntosh, 115 F.3d at 810 n.1.

limitations for filing habeas corpus petitions. As relevant here, the limitations period begins to run under 28 U.S.C. § 2241(d)(1)(D) from "the date on which the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence." Because Petitioner learned of Wyoming's detainer against him on July 25, 1994, nearly two years before the AEDPA's effective date of April 24, 1996, he had until April 23, 1997 to challenge the detainer. See Hoggro v. Boone, 150 F.3d 1223, 1225-27 (10th Cir. 1998) (where conviction becomes final before effective date of AEDPA, state prisoner absent tolling has one year from April 24, 1996 to file habeas petition). Petitioner did not file his petition until July 30, 1997. While the limitations period is generally tolled during the time a petitioner has "a properly filed application for State post-conviction or other collateral review" pending in state court, see 28 U.S.C. § 2244(d)(2), Petitioner's only application for post-conviction relief was filed and resolved in Alabama state court prior to April 24, 1996, the commencement of the one year limitations period. Accordingly, the district court properly held his petition time-barred.

     AFFIRMED.

                              Entered for the Court,


                              Bobby R. Baldock
                              Circuit Judge