**William E. H. TAGUPA,
Plaintiff–Appellant,**

v.

**BOARD OF DIRECTORS, Research
Corp., University of Hawaii,
Defendants–Appellees.**

No. 79–4278.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 10, 1980.

Decided Dec. 12, 1980.

William E. H. Tagupa, pro se.

Edward Yun, Deputy Atty. Gen., Honolulu, Hawaii, argued for defendants–appellees; William J. N. Garcia, Honolulu, Hawaii, on brief.

Before SKOPIL, FLETCHER and PREGERSON, Circuit Judges.

FLETCHER, Circuit Judge:

William Tagupa appeals from the trial court's grant of summary judgment against him in his employment discrimination suit brought under 42 U.S.C. §§ 1981 and 1983. We affirm.

Tagupa responded to defendants' advertisement of a job opening, but was subsequently rejected.

The central issue of this appeal is whether Tagupa completed the application process. Defendants contend that Tagupa never gave them information specifically addressing the advertised qualifications for the job and was rejected for that reason.

A grant of summary judgment will be affirmed when the record, viewed most charitably to the non–movant, shows that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Garter–Bare Co. v. Munsingwear, Inc.*, 622 F.2d 416 (9th Cir. 1980).

We think that the materials submitted by the litigants have resolved all doubts as to the circumstances surrounding Tagupa's solicitation of employment. We conclude that Tagupa failed to apply for the position, within the meaning of the guidelines laid down in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Therefore, defendants are entitled to summary judgment.

The affidavits, deposition testimony, and documents filed by the litigants established the following undisputed facts. On July 26, 1976, defendants advertised to fill the position of "Pacific Area Specialist." The advertisement contained the following list of job qualifications:

(1) First hand knowledge and experience of the islands of Micronesia, Polynesia, and Melanesia;

(2) one year's experience in curriculum development and familiarity with curriculum requirements of the D.O.E.; and

(3) skills and experiences in programming, administering and coordinating conferences and workshops, as well as in facilitating intercultural educational programs.

Three days after the advertisement appeared, Tagupa sent a resume and cover letter to the Pacific and Asian Affairs Council's executive director, Daniel Hatch. The resume was not prepared for the purpose of applying for the position, and did not set forth those areas of Tagupa's background that fit the advertised qualifications.

On August 2, 1976, Hatch wrote to Tagupa that, while his resume was "impressive," it did "not address itself to these specific things requested in the job description." Tagupa states in his affidavit, which we accept as true for the purposes of this appeal, that he replied to Hatch's letter with a handwritten letter referring Hatch to the resume and the listed references for clarification about Tagupa's qualifications. Hatch subsequently informed Tagupa that he did not get the job.

Even giving Tagupa the benefit of the doubt, we think the facts are clear that he did not complete the application process for the position. The only remaining question is to determine the legal effect of Tagupa's failure to apply.

Defendants argued in their motion for summary judgment that Tagupa's failure to apply meant that he suffered no "injury in fact" and thus lacked standing to sue. Viewed in this way, the case presents the question of the court's subject matter jurisdiction. In general, Article III of the Constitution requires that a plaintiff have "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions." *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962). Specifically, a plaintiff's injury must be both real and immediate, not conjectural or hypothetical. *O'Shea v. Littleton*, 414 U.S. 488, 494, 94 S.Ct. 669, 675, 38 L.Ed.2d 674 (1974).

Although several courts have treated a failure to apply for a position in the employment discrimination context as a standing problem, *Pearson v. Furnco Constr. Co.*, 563 F.2d 815, 817–18 (7th Cir. 1977); *Foreman v. General Motors Corp.*, 473 F.Supp. 166, 175–76 (E.D.Mich.1979); *Harris v. White*, 479 F.Supp. 996, 1008 (D.Mass.1979), we think that on the facts of this case, a requirement that the plaintiff have applied for a position is more appropri-

ately seen as a substantive element of the plaintiff's cause of action. Article III standing requirements have been satisfied here. The connection between the alleged discriminatory actions and personal injury to Tagupa is obvious, and it is plain that a court could give him relief if he proved his claim.

On the merits, then, we must decide whether a necessary element of an employment discrimination claim brought under 42 U.S.C. §§ 1981 and 1983 is that the plaintiff have applied for the job. Defendants cite *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), for the proposition that the plaintiff bears the initial burden of showing that (1) he belongs to a racial minority; (2) he applied and was qualified for a job for which the employer was seeking applicants; (3) despite his qualifications, he was rejected; and (4) after his rejection, the position remained open and the employer continued to seek applications from persons of the plaintiff's qualifications. 411 U.S. at 802, 93 S.Ct. at 1824.

■ *McDonnell Douglas* was a Title VII case, while Tagupa has based his action solely on sections 1981 and 1983. Although a plaintiff's burden in a 1981 or 1983 action may differ in some respects from that of a plaintiff in an action brought under Title VII, *Massachusetts v. Feeney*, 442 U.S. 256, 271–74, 99 S.Ct. 2282, 2292, 60 L.Ed.2d 878 (1979); *Craig v. County of Los Angeles*, 626 F.2d 659, 668 (9th Cir. 1980), the *McDonnell Douglas* criteria provide a useful guide[1] to the plaintiff's burden in a section 1981 or 1983 non–class employment discrimination suit. *Crawford v. Western Electric Co. Inc.*, 614 F.2d 1300, 1315 (5th Cir. 1980).[2]

■ We conclude that under the circumstances of this case, Tagupa was obliged to show that he applied for the job, and conclude further that the materials submitted in connection with the motion for summary judgment clearly establish that he did not complete the application process, and accordingly summary judgment was appropriately entered against him.

■ Tagupa also challenges the trial court's refusal to order the defendants to produce statistical data about defendants' ethnic makeup, the resumes of the other job applicants, and federal grant documents. None of these items is relevant to whether Tagupa applied for the job. Therefore, even if the trial court was mistaken, the error was harmless. The harmless error doctrine applies to discovery orders. Fed.R. Civ.P. 61; 11 C. Wright and A. Miller, *Federal Practice and Procedure* § 2888 (1973).

■ Finally, Tagupa argues that the trial court improperly refused to allow him to amend his complaint to allege causes of action under Titles VI and VII. A showing by Tagupa that he completed a job application would be required under these causes of action. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *see Gilliam v. City of Omaha*, 388 F.Supp. 842, 847–48 (D.Neb.), *affirmed*, 524 F.2d 1013 (8th Cir. 1975). Therefore any error was harmless.

AFFIRMED.

---

1. The Supreme Court has indicated that the *McDonnell Douglas* criteria are not to be blindly followed:

   The importance of *McDonnell Douglas* lies, not in its specification of the discrete elements of proof there required, but in its recognition of the general principal that any Title VII plaintiff must carry the initial burden of offering evidence adequate to create an inference that an employment decision was based on a discriminatory criterion illegal under the Act.

*International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 358, 97 S.Ct. 1843, 1866, 52 L.Ed.2d 396 (1977).

2. We note that Tagupa has not brought forth any facts that suggest that he was discouraged from applying for the position. Therefore he can draw no comfort from the analysis in *International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 365–67, 97 S.Ct. 1843, 1869, 52 L.Ed.2d 396 (1977), wherein the Supreme Court recognized that circumstances may excuse the requirement that a plaintiff apply for the position.