Yovana **GUTOWSKY**, Plaintiff–Appellant,

v.

**COUNTY OF PLACER**, Defendant–Appellee.

No. 95–16850.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 14, 1997.

Decided March 6, 1997.

Cindy L. Robbins, Mackenroth, Ryan, Jacobson & Fong, Sacramento, California, for plaintiff-appellant.

Cris C. Vaughan, Deputy Placer County Counsel, Auburn, California, for defendant-appellee.

Before: LAY,* GOODWIN and SCHROEDER, Circuit Judges.

GOODWIN, Circuit Judge:

Yovana Gutowsky appeals the summary judgment granted in favor of defendant-appellee County of Placer. The district court

* Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

1. Gutowsky's First Amended Complaint for Damages alleges:

8. At all times mentioned herein, the COUNTY OF PLACER, DEPARTMENT OF PUBLIC WORKS, had a policy, practice, and/or custom to employ gender-based criteria in hiring, assigning, promoting, and disciplining staff in the ROADS [sic] DIVISION, specifically at the Tahoe location in Placer County, and to deny employment and advancement to women. Pursuant to this policy, practice or custom, among other actions, the COUNTY precluded females from obtaining permits to operate ROADS DIVISION equipment, thereby limiting the tasks performed by female employees, including plaintiff, within a male-dominated department.

....

10. Plaintiff alleges that it was the policy, practice and/or custom of the COUNTY to promote and otherwise ensure the career advancement of less qualified male employees by assisting them in obtaining their Class I licenses for operating ROADS DIVISION equipment, where these same opportunities were not provided to better qualified female employees, including plaintiff.

....

A. Discriminatory hiring and promotion practices

Plaintiff YOVANA GUTOWSKY holds a Bachelor of Science degree in National Resources and

found that Gutowsky's claims under 42 U.S.C. § 1983 were time-barred because they were not brought within the one-year limitation period applicable to such claims. Gutowsky challenges this ruling, asserting that because the discriminatory policies and practices were continuous violations throughout her County employment, the limitation period did not begin to run until the day she quit her job. We reverse and remand.

Factual and Procedural Background

Gutowsky was hired in March of 1982 by the County of Placer Department of Public Works, Road Division, as a communications clerk. Her duties in that position included answering phones, dispatching road crews, collecting fees, doing radio work and handling payroll. Gutowsky was so employed for ten years; and although her duties increased, she was never promoted. Gutowsky claims that discriminatory policies and practices in the County's hiring and promotional procedures denied her an equal opportunity to advance in her employment.[1]

Business Administration. She began working for the COUNTY in PUBLIC WORKS, ROADS DIVISION, at the Tahoe Administration Building in 1982. From that time until the time she was forced to resign in May 1993, she was not given a single promotion despite consistent and outstanding performance evaluations. During this same time period, defendant COUNTY repeatedly hired numerous entry-level male employees as "Equipment Operators." The COUNTY allowed these male employees, who were not college educated, to obtain Class I licenses to operate equipment during their regular working hours.

....

13. Despite plaintiff's repeated requests to obtain her Class I license, defendants, and each of them, declined to allow her to apply for a Class I license on COUNTY time, and repeatedly told plaintiff that she could not operate equipment because she was female.

....

14. Throughout the 11½ years plaintiff was employed with the PUBLIC WORKS ROADS DIVISION, not a single female employee was accepted as an equipment operator, full time, on a promotion track. During the entire 11½ years plaintiff was employed at the ROADS DIVISION in Tahoe, not a single female employee of the ROADS DIVISION was promoted. During this same period of time, numerous male employees with lesser qualifications were promoted, advanced in their careers and offered higher paying jobs at the Auburn facility.

Gutowsky wanted to become an equipment operator, but under California law, she needed a commercial driver's license. Gutowsky asserts that male road crew workers were allowed to use county equipment to practice for their commercial license tests. She "frequently" asked her supervisor Leonard Zick if she could use the County's equipment to practice. In response to her request in 1983, Zick told her that "she could not do it because it was not County policy." That same year, Gutowsky asked the Director of Public Works, John McGowan, for use of the County's equipment. McGowan retired shortly thereafter, and the request "didn't go anywhere." In 1988, Zick transferred out of the Tahoe office and Kenneth Compton became Gutowsky's supervisor. Gutowsky asked Compton if she could use the County's equipment, and he responded that she was "a mere woman and a secretary and a clerk."

In 1991, Gutowsky talked to Assistant Director Jan Witter about using the County's equipment to practice for her commercial driver's license, and in response, he "laughed."

Gutowsky continued to ask Compton, at least once a year during her review time, to use the County's equipment to practice. Meanwhile, Gutowsky actually took and passed the written test for a Class I commercial driver's license. Compton said the fact that Gutowsky had taken the written test was "ridiculous."

Compton was replaced as Gutowsky's supervisor by Pete Caravella in 1992. Gutowsky continued her efforts to obtain permission to use the County's equipment while Caravella was her supervisor. Attempts by Caravella to accommodate Gutowsky's requests to utilize the equipment were rebuffed by Witter. She alleges that Caravella and Compton discussed her request as late as May, 1993, to no avail.

Jim Gray, personnel director for the County, said he was not aware of any women having been hired as full-time road maintenance workers. The reason for this, he states, is that "women have not applied for these jobs." Gutowsky submitted as evidence sixty-seven job applications from women that list "Road Maintenance Worker" as one of the positions for which they would like to apply. It is apparently undisputed that no woman had ever been hired as a full-time equipment operator or road maintenance worker at the time Gutowsky brought this action.

In order to obtain a position with or to be promoted by Placer County, a person is required to submit an application, undergo an examination process, and be placed on an eligibility list, pursuant to the Civil Service Commission rules of the County. Gutowsky never submitted an application for a position as a road maintenance worker or as an equipment operator with the County. She asserted that she did not submit a formal application because she believed that management's attitude made an application by a woman futile.

Gutowsky's employment with the County of Placer ended on May 26, 1993. This action was filed on May 24, 1994. The district court found that Gutowsky's claim was time-barred because it was not brought within one year from the date of the last discriminatory comments made by Gutowsky's supervisors. The district court granted the County's motion for summary judgment on that basis on August 18, 1995.[2]

**2.** The court stated:

Again, assuming but not deciding that plaintiff states a claim for intentional discrimination in violation of the 14th Amendment equal protection and due process clauses, her claim is time-barred. Specifically plaintiff maintains that she was discouraged from applying for non-clerical positions as early as 1983, which discouragement continued through 1993, and that she persisted in her attempt to promote to an equipment operator during the time that Caravella was her supervisor in 1992 and 1993, and that her supervisors discussed this matter among themselves as late as, "May, 1993."

However, to the extent that plaintiff relies on statements made by Compton, supervisor to Caravella, that it was plaintiff's job to answer the phones, even assuming that this statement can be considered to be an act of discrimination, plaintiff has failed to demonstrate that such statements were made within the one-year period prior to the filing of the complaint.

## Standard of Review

We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact, and whether the district court correctly applied the relevant substantive law. This court does not weigh the evidence or determine the truth of the matters asserted. We decide only whether there is a genuine issue for trial. *Jesinger v. Nev. Fed. Credit Union,* 24 F.3d 1127, 1130–31 (9th Cir.1994).

## Analysis

Gutowsky and the County agree, as do we, that the appropriate limitation period under California law for a Section 1983 claim is one year. *McDougal v. County of Imperial,* 942 F.2d 668, 672 (9th Cir.1991); Cal.Civ.Proc. Code § 340(3). The parties disagree, however, when the one-year limitation period should commence. Gutowsky argues that the "continuing violations" doctrine applies and that the year began on the date she left her employment. We agree with Gutowsky.

### I. The Continuing Violations Doctrine in Section 1983 Claims

■ Noting the "dearth of authority" regarding the timeliness of a *Monell*[3] employment discrimination suit under Section 1983, Gutowsky argues that the "continuing violations" doctrine used in Title VII claims should be applied in Section 1983 cases. The County suggests no cogent reasons why this should not be the case.

A plaintiff in a Title VII action who alleges a policy or practice of systematic discrimination, as opposed to alleging only individual discriminatory acts, may in certain circumstances utilize the continuing violations doctrine. Under this approach, an action is always timely if brought by a present employee. *Reed v. Lockheed Aircraft Corp.,* 613 F.2d 757, 761 (9th Cir.1980) (citation omitted). This is because the employer's discriminatory policy "continually deters the employee from seeking ... full employment rights or threatens to adversely affect [the employee] in the future." *Id.*

As in a Title VII claim, a policy or practice of continuing discrimination is under attack in a Section 1983 claim for employment discrimination. Indeed, in order to sue a municipality under Section 1983, a plaintiff must show "execution of a government's policy or custom ... [that] inflicts the injury." *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037–38, 56 L.Ed.2d 611 (1978). If the continuing violations doctrine were inapplicable to *Monell* actions, it is difficult to ascertain exactly when such claims would accrue, especially if no specific discriminatory acts evidenced the policy during the year immediately prior to the filing of the lawsuit. Therefore, the continuing violations doctrine is applicable to *Monell* actions.

### II. Continuing Violations Doctrine Applied in this Case

■ To invoke the continuing violations doctrine in her case, Gutowsky must show "a series of related acts, one or more of which falls within the limitations period, or the maintenance of a discriminatory system both before and during [that] period. *Green v. Los Angeles County Superintendent of Schs.,* 883 F.2d 1472, 1480 (9th Cir.1989) (citations omitted)". Thus, a continuing violation may be established through a series of related acts against one individual, or by a systematic policy or practice of discrimination. *Id.*

The County asserts that the doctrine of continuing violations does not apply because Gutowsky offered insufficient evidence of such violations. The County is mistaken. Gutowsky's motion papers were replete with evidence of an ongoing practice and policy that denied opportunity to women to move into the equipment operating positions.

In *Reed v. Lockheed Aircraft Corp.,* 613 F.2d 757 (9th Cir.1980), we reversed a district court decision in a case in which plaintiff alleged a policy of continuing discriminatory practices. In *Reed,* the district court found that plaintiff had alleged only three instances of discrimination, and held that her claim was

---

3. Referencing *Monell v. Department of Social Servs.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

time-barred because it had not been filed within the appropriate time period from the date of the last discriminatory instance. *Id.* On appeal, we held that:

> The complaint should not be read so narrowly. Her allegations included a sweeping attack on Lockheed's systems of promotion, compensation and training. She alleged that the violations took place throughout her service at Lockheed and until the day she filed her complaint.... [E]ach day without promotion constituted a new violation of Title VII, assuming that similarly situated males were promoted with more regularity.

*Id.* at 759–60.

Like the *Reed* plaintiff, Gutowsky presents specific examples of discrimination which "are not the basis of her charge of discrimination" but rather "are but evidence that a *policy* of discrimination pervaded [her employer's] personnel decisions." *Id.* at 760. Indeed, Gutowsky contends that the widespread policy and practices of discrimination of which she complains continued every day of her employment, including days that fall within the limitation period.

The County's theory ignores the portions of Gutowsky's claim of explicit experiences of discrimination that show these to be a continuing pattern of discriminatory action in its promotion and placement procedures; and that these practices and procedures were in place during the entire period of Gutowsky's employment. The significance of the fact that Gutowsky's name did not appear on an eligibility list in December 1992 is for the trier of fact to consider. The publication of the list did not necessarily signal the end of those practices. Publication of such a list was completely consistent with a policy against putting women in the cabs of snowplows and other heavy equipment.

### III. Date of Accrual of the Action

We hold that the doctrine of "continuing violations" applies in this case. A material question of fact is presented by Gutowsky's pleadings and proffer. A trier of fact could find that the County's discrimination against women as equipment operators continued, at least in Gutowsky's area of employment up to

and including the last day she worked. Accordingly, her claim, filed within one year of her last day of work was timely.

### IV. Effect of Gutowsky's Failure to Apply for the Position

The County claims that Gutowsky's failure to submit an application for the position of road maintenance worker or equipment operator precludes her from maintaining a Section 1983 lawsuit for employment discrimination. The County cites *Tagupa v. Board of Directors*, 633 F.2d 1309 (9th Cir.1980), for the premise that submission of an application is a necessary element of a Section 1983 claim for wrongful denial of a certain job.

The Supreme Court has held, however, that a plaintiff need not apply for a job if the application would have been futile. *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 365–68, 97 S.Ct. 1843, 1869–71, 52 L.Ed.2d 396 (1977). In such an instance, the plaintiff must show that he or she "was a potential victim of unlawful discrimination" and, to that end, the plaintiff must establish that he or she "would have applied for the job had it not been for those [discriminatory] practices." *Id.* at 367–68, 97 S.Ct. at 1871. While *Teamsters* is a Title VII case, we have recognized the potential for its application in Section 1983 actions. *Tagupa*, 633 F.2d at 1312 n. 2 (stating that, because Tagupa brought forth no evidence to indicate that he was discouraged from applying for the job, "he can draw no comfort from the analysis in ... *Teamsters* ..., wherein the Supreme Court recognized that circumstances may excuse the requirement that a plaintiff apply for the position").

The County argues that Gutowsky has not submitted any evidence to show that she reasonably believed that submission of an application for the position would be futile. The jury could very well believe from Gutowsky's evidence of sixty-seven applications by women that included the road maintenance position, that her sixty eighth application would have been futile. She also submitted evidence that no woman has ever been hired for a full-time position in that field. A triable issue of fact is also sup-

ported by evidence demonstrating that she was continually rebuffed in her attempts to practice on County equipment in order to enable her to obtain her commercial driver's license.

### Conclusion

In this case the limitation period began to run on Gutowsky's last day of work for the County. Her claim was not time barred. Triable issues of fact are: (1) Whether the County's management personnel had a policy or custom barring the employment of women as road maintenance workers or equipment operators. (2) Whether an application for a position as an equipment operator would have been futile. On this record, summary judgment was not appropriate.

REVERSED and REMANDED.