133 F.3d 928
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eric Johnson PEACOCK, Plaintiff-Appellant,
v.
COUNTY OF LOS ANGELES; Los Angeles County Sheriff's Dept.;
Sue Smith, Defendants-Appellees.
 No. 96-56671.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 17, 1997.
 
 Before SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Eric Johnson Peacock appeals pro se the district court's summary judgment in favor of defendants in Peacock's action alleging violations of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213, the Rehabilitation Act ("RA"), 29 U.S.C. §§ 701-797, and California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12900-12996. Peacock alleged defendants denied him a Deputy Sheriff trainee position with the Los Angeles County Sheriff's Department based on his disability of asthma which prevented him from completing a polygraph examination during the application process. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment, see Holihan v. Lucky Stores, Inc., 87 F.3d 362, 365 (9th Cir.1996), cert. denied, 117 S.Ct. 1349 (1997), and we affirm.
 
 
 3
 To state a prima facie case under the ADA, RA, or FEHA, Peacock must establish that he suffered an adverse employment action because of his disability. See Sanders v. Arneson Prods., Inc., 91 F.3d 1351, 1353 (9th Cir.1996), cert. denied, 117 S.Ct. 1247 (1997)(ADA); Smith v. Barton, 914 F.2d 1330, 1339-40 (9th Cir.1990) (RA); Brundage v. County of Los Angeles, 66 Cal.Rptr.2d 830, 835 (Cal.Ct.App.1997) (FEHA).
 
 
 4
 The undisputed evidence shows that defendants made Peacock an offer of employment contingent on his successful completion of (1) a physical examination, and (2) a polygraph examination with whatever reasonable accommodation was determined necessary based on the physical examination. It is uncontroverted that defendants did not deny him employment because Peacock never contacted defendants to complete the application process. Accordingly, because there was no adverse employment action, the district court properly found that Peacock failed to make a prima facie case and therefore properly granted summary judgment to defendants.
 
 
 5
 We agree with the district court that Peacock could not rely on the futile gesture doctrine because he was unable to establish that he "would have applied for the job had it not been for [defendants' discriminatory] practices." International Bhd. of Teamsters v. United States, 431 U.S. 324, 367-68 (1977). Defendants' unreturned telephone call does not establish a policy or practice of systematic discrimination such that completing the job application process would be a futile gesture. Cf. Gutowsky v. County of Placer, 108 F.3d 256, 260-61 (9th Cir.), cert. denied, 118 S.Ct. 298 (1997). Given the outcome of this disposition, we do not consider Peacock's other contentions.
 
 
 6
 We deny defendants' April 29, 1997 motion to strike Peacock's "Notice of errata." We also deny Peacock's November 4, 1997 motion to file an appendix which he submitted with his opening brief. The clerk advised Peacock to move for leave to file an appendix in March, 1997. Because he failed to comply with the court's notification, the clerk ordered the appendices discarded on May 13, 1997.
 
 
 7
 AFFIRMED.
 
 
 
 **
 Because we unanimously find this case suitable for decision without oral argument, we deny Peacock's request for oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3