Kay KATO; Jane Yano; Makoto Ogura; Shizue Ogura; Kenjiro Ogura; Yasuo Ogura, aka Yasuo Okui, Plaintiffs–Appellants,

v.

UNITED STATES of America, Defendant–Appellee.

No. 00–55673.

D.C. No. CV–99–10719–JSL (Ex).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 11, 2000.

Decided Jan. 3, 2001.

Before SCHROEDER, Chief Judge, NOONAN and W. FLETCHER, Circuit Judges.

### MEMORANDUM [1]

The plaintiffs seek damages under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq., and 42 U.S.C. §§ 1981 and 1985 for their internment by the United States during the 1940s because of their Japanese ancestry. The complaint was filed in 1999, more than 50 years after the internment ceased. The district court dismissed, and plaintiffs appeal.

Plaintiffs contend that their claims are not barred by the relevant statutes of limitations because the government maintained a policy of invidious discrimination

---

**1.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36.3.

against persons of Japanese descent even after the internment, and that the government is therefore guilty of a continuing violation of their rights. The plaintiffs, however, have had no relationship with the United States government that is any way related to these claims since the internment ended, and the cases upon which plaintiffs rely are therefore inapposite. *See, e.g., Gutowsky v. County of Placer*, 108 F.3d 256 (9th Cir.1997)(continuing violation for employee's entire term of employment was properly alleged where defendant county denied female clerical employee the opportunity to become a heavy equipment operator for the duration of the employment relationship).

We need not determine whether the merits of the plaintiffs' claims would fall within any statutory waiver of sovereign immunity.

AFFIRMED.