Koshio Henry SHIMA, Plaintiff–
Appellant,

v.

John ASHCROFT,* individually and in his capacity as Attorney General of the United States; Dede Greene, individually and in her capacity as Director of the Office of Redress Administration; United States of America, Defendants–Appellees.

No. 00–56670.

D.C. No. CV 98–06957 JSL.

United States Court of Appeals,
Ninth Circuit.

Submitted April 17, 2001 **.

Decided May 2, 2001.

Before PREGERSON, FERNANDEZ, and GRABER, Circuit Judges.

MEMORANDUM ***

Koshio Henry Shima ("Shima"), a Peruvian native, seeks damages under the Federal Torts Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680, and 42 U.S.C. §§ 1981 and 1985, for his transport from Peru and subsequent internment in Texas by the United States during the 1940s. Shima filed his complaint in the district court in 1998, more than 50 years after the end of World War II and his release from

---

* John Ashcroft is substituted for his predecessor, as Attorney General of the United States. Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

internment. After transfer to the Court of Federal Claims, and re-transfer to the district court, the district court dismissed Shima's case.

Shima appeals on the ground that his claims are not barred by the governing two-year statute of limitations under the continuing violations doctrine. *See Williams v. Owens–Illinois, Inc.,* 665 F.2d 918, 924 (9th Cir.1982) ("[A] systemic policy of discrimination is actionable even if some or all of the events evidencing its inception occurred prior to the limitations period."). Shima contends that because the United States government maintained a policy of discrimination against Latin American persons of Japanese descent from 1942 through 1998, the accrual of his claim extends through 1998. Shima, however, failed to allege examples or acts of discrimination by the United States that occurred within the two-year period before he filed his complaint. The continuing violations doctrine is therefore inapplicable to Shima's case. *Cf. Gutowsky v. County of Placer,* 108 F.3d 256, 259 (9th Cir.1997) (finding a continuing violation where the plaintiff's "motion papers were replete with evidence of an ongoing practice and policy").

Because Shima's claims are barred by the statute of limitations, we do not need to address whether the United States waived sovereign immunity for the §§ 1985 and 1981 claims.

AFFIRMED.

