John F. DARMANIN, Plaintiff–
Appellant,

v.

SAN FRANCISCO FIRE DEPART-
MENT; Richard Condon, Chief, in his
official capacity and as an individual;
Harold Gamble, in his official capaci-
ty and as an individual; Robert Dem-
mons, Chief, in his official capacity
and as an individual; Bernie Lee,
Chief, in his official capacity and as
an individual, Defendants–Appellees.

No. 00–16102.

D.C. No. CV 97–04703–SI.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 8, 2001.

Submission Deferred Feb. 14, 2002.

Resubmitted and Decided Sept. 13, 2002.

Before CANBY, GRABER, and PAEZ, Circuit Judges.

## MEMORANDUM *

Plaintiff, John F. Darmanin, appeals the district court's grant of summary judgment in favor of Defendants, San Francisco Fire Department, and several of its officials (collectively the "Department"), on his claims under Title VII and 42 U.S.C. § 1983. We review the district court's grant of summary judgment de novo. *Botosan v. Paul McNally Realty*, 216 F.3d 827, 830 (9th Cir.2000). We affirm the summary judgment on Darmanin's claims under Title VII. However, we reverse with respect to all but one of Darmanin's § 1983 claims. Because the parties are familiar with the facts, we will not recite them in detail except as necessary.

## I. Title VII Claims

■ Under 42 U.S.C. § 2000e–3(a), it is unlawful "for an employer to discriminate against any of his employees ... because [the employee] has opposed any practice made an unlawful employment practice by [Title VII]." To qualify for protection, the employee must have an objectively reasonable belief that the conduct being opposed constitutes a violation of Title VII. *Strother v. S. Cal. Permanente Med. Group*, 79 F.3d 859, 869 (9th Cir.1996). Although the "reasonableness" of an employee's belief that a violation has occurred makes allow-

ance "for the limited knowledge possessed by most Title VII plaintiffs about the factual and legal bases of their claims," *Moyo v. Gomez*, 40 F.3d 982, 985 (9th Cir.1994), in cases involving an isolated incident, the conduct must be "extremely serious." *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 271, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001) (per curiam) (internal citation and quotation marks omitted). We agree with the district court that no reasonable person could have believed that the treatment of Darmanin's secretary on the day Darmanin was removed from the Airport Division of the San Francisco Fire Department ("Airport Division")—the "honey" comment, search of her purse and tote bag, and display of her sanitary napkin—constituted sexual harassment under Title VII. Thus, we affirm the district court's summary judgment on Darmanin's Title VII claims.

## II. Section 1983 Claims

### A. Statute of Limitations

In California, the statute of limitations for § 1983 claims accruing after 1985 is one year. *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 688 (9th Cir.1993). Darmanin's initial complaint was filed on December 29, 1997. Thus, the limitations period covers conduct that occurred on or after December 29, 1996. Alleged wrongful conduct that took place prior to December 29, 1996, does not fall within the limitations period and is not actionable.

Darmanin's allegations concerning the administrative investigation and disciplinary hearings, the Lieutenant's examination, and work assignments following his transfer from the Airport Division were included in his initial complaint and fall

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

within the limitations period.[1] However, allegations regarding the October 1996 audit and transfer were raised for the first time in his third amended complaint, filed on September 27, 1999. Although the one-year statute of limitations for claims based on the October 1996 audit and transfer expired two years earlier, in October 1997, Darmanin argues that allegations regarding the October 1996 audit and transfer are timely because they are part of a continuing violation.

Darmanin contends that his actions in obtaining a report prepared by an outside consultant criticizing the safety of protective gear at the Airport Division ("Safety Report") initiated a course of conduct by the Department designed to, not only remove him from his position at the Airport Division, but to prevent him from being reinstated. According to Darmanin, this course of conduct was motivated by a desire to retaliate against him for his protected activities relating to the Safety Report. Darmanin therefore argues that the October 1996 audit and transfer are sufficiently related to retaliatory conduct occurring within the limitations period to constitute a continuing violation based on this common retaliatory motive. *See Gutowsky v. County of Placer*, 108 F.3d 256, 259 (9th Cir.1997) (continuing violation doctrine used in Title VII cases is applicable to § 1983 cases where plaintiff shows "a series of related acts, one or more of which falls within the limitations period, or the maintenance of a discriminatory system both before and during [that] period") (internal citation and quotation marks omitted).

In *National Railroad Passenger Corp. v. Morgan*, —— U.S. ——, 122 S.Ct. 2061, 2069, 153 L.Ed.2d 106 (2002), the Supreme Court considered our application of the continuing violations doctrine to "serial violations"—a series of related discriminatory and retaliatory acts one or more of which falls within the limitations period. The Court held that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Id.* at 2072. The October 1996 audit and transfer is a discrete retaliatory act. *London v. Coopers & Lybrand*, 644 F.2d 811, 816 (9th Cir.1981). Therefore, although the October 1996 audit and transfer "may constitute relevant background evidence," *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977), it is not part of a continuing violation and therefore barred by the statute of limitations.

### B. Retaliatory Motive

To recover under § 1983 for retaliation in violation of the First Amendment, Darmanin must demonstrate that his protected speech was a "substantial motivating factor" in the Department's decision to take adverse employment action against him. *Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir.2000).

The district court concluded that Darmanin failed to offer sufficient evidence of retaliatory motive relating to any of the alleged adverse employment actions and, therefore, granted summary judgment with respect to all claims. Although we agree with the district court concerning

---

**1.** Although the district court also granted summary judgment on Darmanin's § 1983 claim based on the Department's alleged refusal to investigate his April 1997 EEOC complaint, he does not raise this issue on appeal. Thus, we do not address the issue here. *See*

*Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir.1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief. *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir.1986).").

the 1997 Lieutenant's examination, we conclude that there is a genuine issue of material fact whether Darmanin's protected activities were a "substantial motivating factor" in each of the remaining alleged adverse employment actions.

### 1. The Investigation and Disciplinary Proceedings

Darmanin also presented sufficient circumstantial evidence that he was subjected to an investigation and disciplinary hearings in retaliation for his protected activities. The relationship of the officers chosen to conduct the investigation and disciplinary proceedings to Darmanin's protected activities support an inference of bias and retaliatory motive. One of the officers against whom Darmanin filed a complaint concerning the treatment of his secretary conducted the investigation, while the other presided over the disciplinary proceedings that followed. Darmanin also presented testimony from a witness who stated that the manner in which the investigation and disciplinary proceedings were conducted violated Department rules and procedures. In light of the identity of the officers responsible for conducting the investigation and disciplinary proceedings against Darmanin and the manner in which such proceedings were conducted, a jury could reasonably infer that the Department was acting in retaliation for Darmanin's protected activities.

### 2. Job Assignments Following Transfer from the Airport Division

Although the record reveals no direct evidence linking Darmanin's assignments and transfers to any retaliatory motive, the stark contrast between Darmanin's level of responsibility during his tenure at the Airport Division and the menial tasks he was given following his transfer supports an inference of retaliatory motive with respect to these job assignments. Thus, Darmanin has also presented sufficient evidence from which a reasonable person could infer that he was assigned to a succession of menial and stressful work assignments following his transfer from the Airport Division in retaliation for his protected activities.

At summary judgment, the district court was required to view the evidence in the light most favorable to the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). Because Darmanin presented sufficient evidence from which a trier of fact could reasonably infer that his protected activities were a "substantial motivating factor" in the Department's allegedly retaliatory conduct, the district court erred in granting summary judgment on this basis. The parties shall bear their own costs on appeal.

AFFIRMED IN PART; REVERSED IN PART; REMANDED.