CARPINTERIA VALLEY FARMS, LTD., a California limited partnership, f/k/a KBDR Properties, Ltd., a California limited partnership; Yeager Holdings, Inc., a Colorado corporation; Patrick M. Nesbitt, individually and as Trustee of the Patrick M. Nesbitt Family Trust, Plaintiffs–Appellants,

v.

The COUNTY OF SANTA BARBARA, a municipal corporate entity; Santa Barbara County Planning and Development Department, a County department; Dan Gira; Noel Langle; Al McCurdy; Patty Miller; June Pujo; Jennifer Trunk, Defendants–Appellees.

No. 01–57218.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 5, 2003.

Filed June 25, 2003.

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

A. Barry Cappello, Santa Barbara, CA, and Norman Pine, Sherman Oaks, CA, for the plaintiffs-appellants.

David Pettit, Los Angeles, CA, for the defendants-appellees.

Before HALL, THOMPSON, and BERZON, Circuit Judges.

## OPINION

DAVID R. THOMPSON, Circuit Judge.

Patrick M. Nesbitt and associated entities Carpinteria Valley Farms, Ltd., Yeager Holdings, Inc., and the Patrick M. Nesbitt Family Trust (collectively, "Nesbitt") own land in Santa Barbara County, California. Nesbitt wanted to develop the land in a variety of ways, including building a personal residence on it and using part of the property as a private polo field. The County imposed a number of requirements on this planned development which included, *inter alia*, requiring Nesbitt to apply for a major conditional use permit to play polo on the property and requiring him to accept numerous conditions for issuance of a residential building permit.

After a lengthy period of trying to resolve his differences with the County, Nesbitt filed the present action under 42 U.S.C. § 1983. He sued the County of Santa Barbara, its Planning and Development Department, and employees of that Department (collectively, "the County"). He alleged that the County violated his First Amendment rights of free speech and free association by impeding his use and development of the property in retaliation for his participation in protected activities; violated his right to equal protection guaranteed by the Fourteenth Amendment by imposing conditions on the use of his property that were not imposed on similarly situated property owners; and violated his Fourteenth Amendment right to procedural due process by depriving him of the right to have land use determinations made by a fair and impartial decisionmaker.[1]

The district court dismissed all of Nesbitt's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). The court determined that most of the events relied upon by Nesbitt to support his claims were time-barred. As to those events that were not time-barred, the district court characterized the claims they allegedly supported as "as applied" takings claims, which were not ripe for judicial review under *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985).

We agree with the district court's decision as to the events it found to be time-barred. With regard to the events which are not time-barred, however, we hold that the claims they allegedly support are not takings claims within the meaning of *Williamson*, but instead are independent

---

1. Nesbitt raises only a procedural, not a substantive, due process claim. *Cf. Armendariz v.* *Penman*, 75 F.3d 1311, 1324 (9th Cir.1996) (en banc).

§ 1983 claims which are ripe for review under *Harris v. County of Riverside,* 904 F.2d 497, 501 (9th Cir.1990). Accordingly, we affirm the judgment of the district court in part, reverse in part and remand for further proceedings.

## FACTS

Since 1994, Nesbitt has owned the property known as 2800 Via Real in Carpinteria, Santa Barbara County, California ("the property"). He alleges that the County, its Planning Department, and the individual defendants have impeded his development of the property by engaging in "a continuous campaign of unlawful and discriminatory conduct in violation of [his] civil rights." This alleged campaign has included delaying processing of applications for coastal development permits, imposing requirements not imposed on similarly situated property owners and not justified by conditions on Nesbitt's property, imposing unlawful fines and fees, and delegating the County's power to regulate land use to members of non-governmental community associations.

Nesbitt alleges that he has been "extremely vocal" about the treatment accorded him by the County, speaking out at public meetings, in local newspapers, and at various public fora. In 1998, the Lambert Road Homeowners' Association, a group with which Nesbitt is publicly allied, sued the owners of nearby property ("Pacifica") for breach of the neighborhood "CC & Rs" and "to halt the nuisances being conducted on the [p]roperty." Pacifica's owners are supporters of a member of the County Board of Supervisors. Nesbitt alleges that as he has spoken out, the County's conditions and restrictions on his property have increased and become more unreasonable and that permitting delays have lengthened.

In his complaint, Nesbitt asserted that the County's campaign included, but was not limited to, seven incidents. He alleged that the County improperly treated a portion of his property as an environmentally sensitive butterfly habitat; delayed issuance of a grading permit and imposed discriminatory conditions on the permit; imposed unwarranted archeological requirements; arbitrarily favored Pacifica by imposing on Nesbitt's property more exacting requirements than those imposed on Pacifica's nearby property; required Nesbitt to comply with the wishes of advisory community groups in order to receive development permits; required Nesbitt to apply for a major conditional use permit in order to use a portion of his property for private, recreational polo—a requirement not imposed upon sixteen similarly situated private polo fields in the County—and then failed to act on his application for the permit; and imposed discriminatory conditions on approval of a building permit for his single family residence on the property, including the requirement that he use a unique measurement methodology in calculating the size of his proposed structure and that he dismiss an appeal from the denial of his original building permit application and submit a new application for a smaller residence.

The district court determined that all the incidents Nesbitt complained of were barred by the statute of limitations except the last two—his contention that the County wrongfully required him to apply for a major conditional use permit to use part of his property as a private polo field and then failed to act on the application; and his contention that the County attached discriminatory conditions to issuance of his residential building permit. As to these two contentions, the district court held that Nesbitt's claims were timely, but were fundamentally "as applied" takings claims. Applying the ripeness test applicable to

such claims, the court found them unripe for judicial review because the County had not rendered final decisions on the polo field permit or the appeal of the original residential building permit. *See Norco Constr., Inc. v. King County,* 801 F.2d 1143, 1145 (9th Cir.1986).

In this appeal, Nesbitt contends that all of his claims are timely under the "continuing violations" doctrine. He also argues that the ripeness doctrine applicable to "as applied" takings claims is not applicable because he has alleged separate and distinct constitutional violations. Finally, he argues the district court violated his right to due process by dismissing his claims without oral argument.

## Analysis

### A. Statute of Limitations

■ The applicable statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 is the forum state's statute of limitations for personal injury actions. *Knox v. Davis,* 260 F.3d 1009, 1012 (9th Cir. 2001) (citing *Wilson v. Garcia,* 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)). Thus, in California, the statute of limitations applicable to all of Nesbitt's claims is one year. *Id.* at 1013 (citing Cal.Code Civ. Pro. § 340(3); *Fink v. Shedler,* 192 F.3d 911, 914 (9th Cir.1999)). Because Nesbitt's original complaint was filed on September 20, 2000, the district court correctly determined that "claims grounded in discriminatory acts occurring before September 20, 1999 are time barred." The district court further held that the "continuing violation" doctrine could not save claims grounded in these acts because the acts complained of were not sufficiently related to establish a continuing violation.

At the time the district court rendered its decision, a plaintiff could invoke the continuing violation doctrine by showing a "series of related acts against one individual." *Gutowsky v. County of Placer,* 108 F.3d 256, 259 (9th Cir.1997) (citing *Green v. Los Angeles County Superintendent of Schs.,* 883 F.2d 1472, 1480 (9th Cir.1989)). After the district court rendered its decision, the Supreme Court invalidated the "related acts" method of establishing a continuing violation, stating that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 113, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002).

Although *Morgan* was a Title VII case, and the present case is a § 1983 action, we have applied *Morgan* to bar § 1983 claims predicated on discrete time-barred acts, notwithstanding that those acts are related to timely-filed claims. *RK Ventures, Inc. v. City of Seattle,* 307 F.3d 1045, 1061 (9th Cir.2002).

■ Here, Nesbitt alleges a number of discrete acts on the part of the County, each of which allegedly violated Nesbitt's constitutional rights. All of these discrete acts, except those pertaining to the polo field application and the residential building permit, occurred outside of the one-year statute of limitations period and are time-barred. On the basis of the allegations set forth in Nesbitt's complaint, the district court reached the correct result when it determined that the time-barred acts could not be used to support claims of constitutional violations under 42 U.S.C. § 1983.[2] Nesbitt may use these time-

---

**2.** In *Morgan,* the Court recognized that prior Ninth Circuit precedent allowed plaintiffs two methods by which to avail themselves of the continuing violation doctrine. *Morgan,* 536 U.S. at 107, 122 S.Ct. 2061. Although the Court invalidated the "related acts" method,

barred acts, however, as evidence to establish motive and to put his timely filed claims in context. *RK Ventures,* 307 F.3d at 1062.

## B. Ripeness

■ In ruling that Nesbitt's timely filed equal protection, due process, and retaliation claims pertaining to the residential building permit and polo field application were not ripe for judicial review, the district court determined that the gravamen of Nesbitt's complaint was an "as applied" takings challenge to the County's land use policies. Accordingly, the court applied the *Williamson* finality rules to these claims. *See Williamson,* 473 U.S. at 186, 105 S.Ct. 3108; *S. Pac. Transp. Co. v. City of Los Angeles,* 922 F.2d 498, 507 (9th Cir.1990).[3] The district court held that there had been no final agency decision on either the polo field application or the residential building permit (the latter because Nesbitt had withdrawn his appeal for a larger residence, thus preventing that claim from ever ripening), and therefore the claims grounded in these events were not ripe for review. We disagree with this analysis because the constitutional claims. Nesbitt asserted pertaining to the polo field application and the residential building permit are not "as applied" takings claims. Rather, they are separate claims supported by allegations of discrete constitutional violations.

With regard to the residential building permit, Nesbitt alleged that the County imposed unreasonable requirements that made it difficult to perform the excavation necessary at the residence site, issued baseless zoning violations relating to a drainage culvert, withdrew "final approval" of the residence permit in response to political pressure from community members, required Nesbitt to withdraw his appeal of the denied permit, and required him—if he wanted approval upon re-application—to use a measurement methodology that reduced the maximum allowable size of his proposed structure.

With regard to the polo field application, Nesbitt alleged that the County required not just a coastal development permit for a sod field, as had been required of property owners of sixteen nearby recreational polo fields, but required that he obtain a major conditional use permit even though major conditional use permits had previously been required only for commercial polo fields. Nesbitt also alleged that the County threatened him with a fine of $25,000 per day if polo were played on his property without obtaining the demanded major conditional use permit, required him to pay fees to cover the cost of investigating "violations," and informed him that the

---

it declined to address the "systematic pattern-or-practice" method. *Id.* at 115 n. 9, 122 S.Ct. 2061. Moreover, the Court distinguished "hostile environment" claims and recognized that proof of such claims may include reliance on otherwise time-barred incidents. *Id.* at 115, 122 S.Ct. 2061 ("The 'unlawful employment practice' therefore cannot be said to occur on any particular day. It occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own.") On remand, the district court may consider whether to allow Nesbitt to amend his complaint to allege facts in support of

these alternative theories suggested by *Morgan. See Lyons v. England,* 307 F.3d 1092, 1107 n. 8 (9th Cir.2002). We express no opinion, however, as to whether either theory would be applicable in the context of this case.

**3.** For an "as applied" taking claim to be ripe for review, there must be a final decision regarding the challenged agency action and the aggrieved party must have sought compensation through the procedures the State has provided (if any). *Williamson,* 473 U.S. at 186, 195, 105 S.Ct. 3108.

permit, when and if issued, would include prohibitions and restrictions on the use of the property for private parties and charitable events.

■ If, as Nesbitt alleged, the County's requirements, conditions, delays and fees were imposed in retaliation for his exercise of his First Amendment rights to publicly criticize the County and to access the courts, Nesbitt suffered harm thereby and did not have to await further action by the County. *See Norco Constr.,* 801 F.2d at 1146.

■ The same may be said of Nesbitt's claims that the County's actions violated his Fourteenth Amendment rights to equal protection and due process of law. Nesbitt alleged that the acts relating to the polo field application and the residential building permit denied him equal protection of the law because they imposed on him conditions not imposed on similarly situated property owners and not justified by conditions on his property. He alleged he was denied procedural due process because the County's decisions regarding his applications had either been delegated to non-governmental entities or had been made by biased and unfair decisionmakers motivated to retaliate against him.

■ Although the County has granted Nesbitt eleven development permits, his challenge is to the procedure he had to endure to get those permits. Even if the County relented today and issued all of the permits Nesbitt has applied for, he still would have been injured by the treatment he allegedly received and which caused him harm (*e.g.,* restricting him from playing polo on his property since 1994, forcing him to consider possible County retaliation before he exercised his First Amendment rights, and increasing the time and money necessary to develop his property). *Cf. Vill. of Willowbrook v. Olech,* 528 U.S. 562,

565, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (allegations of irrational and wholly arbitrary treatment are "sufficient to state a claim for relief under traditional equal protection analysis" even after village relented from demands made on homeowner).

The fact that Nesbitt's constitutional claims arise in the context of the County's permitting process does not render those claims "unripe," so long as Nesbitt otherwise meets the ripeness requirements. *Harris,* 904 F.2d at 501 (holding that appellant's procedural due process claim was not subject to takings ripeness requirements because the challenged rezoning decision resulted in "actual, concrete injuries ... separate from any taking"); *see also Kawaoka v. City of Arroyo Grande,* 17 F.3d 1227, 1233, 1238–41 (9th Cir.1994) (reaching the merits of the appellant's equal protection claim even though the court found the companion "as applied" takings challenge unripe under *Williamson* ).

### Conclusion

We affirm the district court's dismissal of Nesbitt's claims grounded in events that predate September 20, 1999. As presently alleged, those claims are barred by the statute of limitations and were properly dismissed under *Morgan,* 536 U.S. at 113, 122 S.Ct. 2061, and *RK Ventures,* 307 F.3d at 1061. Evidence of the acts supporting such claims, however, may be used to establish motive and to put Nesbitt's timely filed claims in context. *Id.* at 1062.

We reverse the district court's dismissal of Nesbitt's claims of retaliation and denial of equal protection and due process grounded in acts occurring after September 20, 1999 pertaining to the polo field application and the residential building permit. These claims are not "as applied" takings claims. Rather, they are separate

claims grounded in allegations of discrete constitutional violations. *See Harris,* 904 F.2d at 501.

AFFIRMED in part; REVERSED in part, and REMANDED to the district court for further proceedings consistent with this opinion.[4] The appellants shall have and recover their costs on appeal.

---

**4.** We reject Nesbitt's contention that the district court violated his right to due process by dismissing his claims under Federal Rule of Civil Procedure 12(b)(6) without oral argument. The district court was within its discretion to dispense with oral argument. *See* *Spradlin v. Lear Siegler Mgmt. Servs. Co.,* 926 F.2d 865, 869 (9th Cir.1991); *Biotics Research Corp. v. Heckler,* 710 F.2d 1375, 1379 (9th Cir.1983); *Morrow v. Topping,* 437 F.2d 1155, 1156–57 (9th Cir.1971).