**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KEVIN JAMES LISLE,

               Plaintiff-Appellant,

    v.

E. K. MCDANIELS; et al.,

               Defendants-Appellees.

No.   13-16921

D.C. No.
3:10-cv-00064-LRH-VPC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted December 30, 2016[**]
San Francisco, California

Before:  THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

    Kevin James Lisle, an inmate at Ely State Prison ("Ely"), appeals the district

court's grant of summary judgment in favor of the defendants as to Lisle's due

process and excessive force claims, and its denial of Lisle's request for a

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

preliminary injunction regarding his transfer to a different cell. We have jurisdiction under 28 U.S.C. § 1291. We review a district court's summary judgment decision de novo, *Nev. Dep't of Corrs. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011), and its denial of a preliminary injunction for an abuse of discretion, *Melendres v. Arpaio*, 695 F.3d 990, 999 (9th Cir. 2012). We affirm.

I

Lisle's claim regarding his High Risk Potential ("HRP") status between 1996 and 2001 is barred by the statute of limitations. In Nevada, the statute of limitations for § 1983 actions is two years. *See* Nev. Rev. Stat. § 11.190(4)(e); *McIntyre v. Bayer*, 339 F.3d 1097, 1099 (9th Cir. 2003).

Lisle argues that his due process claims involve continuing violations, which are not subject to the statute of limitations. A continuing violation can be established either through "'a series of related acts, one or more of which falls within the limitations period,'" or by "a systemic policy or practice of discrimination" that exists both before and during the limitations period. *Gutowsky v. County of Placer*, 108 F.3d 256, 259 (9th Cir. 1997) (citation omitted). A "mere 'continuing impact from past violations is not actionable.'" *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (emphasis omitted) (citation omitted). Even if Lisle's HRP status between 1996 and 2001 is a continuing violation, it ceased to be

2

a continuing violation when it was removed on March 22, 2001, at which point the statute of limitations began to run.

Therefore, Lisle's due process claim as to his HRP status between 1996 and 2001 is barred by the statute of limitations.

II

Lisle's due process claims as to his placement in the Condemned Men's Unit ("CMU") and current HRP status fail because the defendants are entitled to qualified immunity. Viewing the facts in the light most favorable to the plaintiff, we must determine whether Lisle's factual allegations "make out a violation of a constitutional right," and whether that right "was 'clearly established' at the time of defendant[s'] alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

With regard to Lisle's CMU placement, the defendants did not violate his due process rights. Because all prisoners sentenced to death are housed in the CMU, considering Lisle's conviction and death sentence, his CMU placement does not impose "atypical and significant hardship." *Sandin v. Connor*, 515 U.S. 472, 484 (1995).

With regard to his HRP status, Lisle is only constitutionally entitled to "some notice of the charges against him and an opportunity to present his views,"

3

as well as to periodic status reviews. *See Hewitt v. Helms*, 459 U.S. 460, 476 (1983), *overruled in part on other grounds by Sandin*, 515 U.S. at 472. The prison officials provided Lisle with both, thereby satisfying the requirements of due process.

Lisle's HRP status was reinstated in 2002 because he assaulted a fellow inmate, which is a criterion listed for HRP status in Ely State Prison Operational Procedure 434. Lisle was aware of the requirement that he must remain discipline free for at least one year to avoid HRP classification. He also received several periodic reviews after his HRP status was reinstated, with prior verbal or written notice for each. Moreover, Lisle could request and receive a status review hearing at any time under Operational Procedure 501.

Thus, Lisle's alleged facts do not "make out a violation of a constitutional right," and the defendants are entitled to qualified immunity for Lisle's due process claims regarding his placement in CMU and current HRP status. Accordingly, the district court properly granted summary judgment as to these claims.

### III

The district court properly granted summary judgment as to Lisle's excessive force claim. In an Eighth Amendment excessive force claim, the question is whether the force resulted in the unnecessary and wanton infliction of

4

pain or suffering. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). The "core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7. In resolving that question, courts consider (1) the extent of the injury suffered by the inmate, (2) the need for application of force, (3) the relationship between the need and the amount of force used, (4) the threat reasonably perceived by the responsible officials, and (5) any efforts made to temper the severity of a forceful response. *Id.*

In this case, it is uncontested that an argument arose between Plaintiff and a guard about what type of leg shackles should be used. Plaintiff admits that he turned toward the guard and did not comply with orders. He does not contest the fact that the guard perceived a threat or that the guard tried to temper the situation by ordering him back to his cell. Plaintiff did not suffer injury. Therefore, the district court did not err in its *Hudson* analysis. Whether Lisle should have been given larger shackles is a disputed fact; however, the claim is based on excessive force, not on the choice of shackles.

IV

The district court did not abuse its discretion in denying Lisle's motion for a preliminary injunction for conduct unrelated to the underlying lawsuit. Lisle's other contentions are either unpersuasive or inappropriate for review.

**AFFIRMED.**